No. 3066. Decided December 27, 1898.|

THE CHASE NATIONAL BANK OF NEW YORK *et al.*, *Respondents*, v. H. H. A. HASTINGS, *Receiver of Security Savings Bank, Appellant.*

APPEAL—REVIEW OF DEMURRERS—RECORD—MORTGAGES—MERGER.

Rulings upon demurrers may be reviewed upon the transcript on appeal, without incorporating in the record any statement of facts or the findings and conclusions of the lower court.

Where the whole title, legal and equitable, unites in the same person, and there are no outstanding intervening interests or liens, the acceptance of a deed by the mortgagee, in which he assumes the mortgage debt, effects a merger of the two titles, which could not be defeated by the grantee's thereafter assigning the notes secured before their maturity.

Appeal from Superior Court, King County.—Hon. WILLIAM HICKMAN MOORE, Judge. Reversed.

*Hastings & Stedman,* for appellant:

When Edmiston assumed the payment of this mortgage indebtedness, he became primarily liable for its payment. Wiltsie, Mortgage Foreclosure, p. 271; *Solicitors' Loan & Trust Co. v. Robins,* 14 Wash. 507; *Union Mutual Life Ins. Co. v. Hanford,* 143 U. S. 187 (36 L. ed. 118). As he was the mortgagee and also the owner and holder of the notes at the time this agreement was made, then the indebtedness evidenced by said notes by reason of this agreement was paid and satisfied, and the notes and mortgage were consequently canceled and extinguished. Jones, Mortgages (4th ed.), §§ 867-870; *Russell v. Pistor,* 7 N. Y. 171 (57 Am. Dec. 509).

Where one is the mortgagee and accepts a conveyance from the mortgagor of the security in which he assumes

28—20WASH.

the payment of the mortgage, this constitutes a payment of the mortgage and the debt secured thereby. *Dickason v. Williams,* 129 Mass. 182 (37 Am. Rep. 316); *Kneeland v. Moore,* 138 Mass. 198; *Agnew v. Renwick,* 4 S. E. 223; *Navassa Guano Co. v. Richardson,* 2 S. E. 307. A mortgage once extinguished cannot be renewed or revived except by the same formalities that it takes to create a new mortgage. *Holman v. Bailey,* 3 Metc. 55; *Furbush v. Goodwin,* 25 N. H. 425; Jones, Mortgages (4th ed.), § 946.

*Herbert B. Huntley,* and *Strudwick & Peters (Burke, Shepard & McGilvra,* of counsel), for respondents:

The mortgagee, when he becomes the grantee or owner of both interests in an estate, may exercise his option, whether he will consider the mortgage merged or not, and this option is open to him until the rights of third parties intervene. *James v. Morey,* 2 Cow. 287 (14 Am. Dec. 475); *Peters v. Gay,* 9 Wash. 383; *Hitchcock v. Nixon,* 16 Wash. 282. Also, as to notes not being canceled by conveyance to mortgagee. *Dewing v. Crueger,* 7 Wash. 590; *Jordan v. Cheney,* 74 Me. 359.

The doctrine applicable to this cause is rather that of an estoppel than a merger; or, perhaps, rather an estoppel to the claim of merger. This controversy arises from the reissuance of the notes, and to that extent none of the authorities of the appellant are in point. A merger or non-merger is a matter of intention of the parties; this intention to be expressed at the time or thereafter, but with due regard to the intervening rights of other parties. *Kellogg v. Ames,* 41 N. Y. 259; *Purser v. Anderson,* 4 Edw. Ch. 20; *International Bank v. Bowen,* 80 Ill. 541; *Jordan v. Forlong,* 19 Ohio St. 89; *Warner v. Blakeman,* 36 Barb. 502; *Smith v. Roberts,* 91 N. Y. 470; *James v. Morey,* 2 Cow. 287 (14 Am. Dec. 475).

The security always goes with the debt. The note is the principal thing; the mortgage the incident. The holder of a note is entitled to the security given to pay it, whenever he discovers it. *Keyes v. Wood,* 21 Vt. 338; *Evertson v. Booth,* 19 Johns. 486; *Pratt v. Bank of Bennington,* 10 Vt. 293 (33 Am. Dec. 201); Jones, Pledges, § 143.

The opinion of the court was delivered by

GORDON, J.—In August, 1892, John L. Austin executed and delivered to J. K. Edmiston two promissory notes, one for $4,000, and one for $8,000, due in six months and in one year, respectively, and at the same time executed to Edmiston a mortgage upon certain real property to secure the payment of the notes. Within a month thereafter, Austin, the mortgagor, conveyed the mortgaged premises by warranty deed to Edmiston, the mortgagee, in which deed Edmiston assumed and agreed to pay the mortgage indebtedness, and at the time of taking this deed Edmiston was the owner and holder of the notes, and had not assigned the mortgage given to secure them, and there was no other lien, incumbrance or outstanding interest in the land. The deed was duly recorded. Subsequently, and prior to their maturity, Edmiston transferred the $4,000 note to the Walla Walla Savings Bank, and the $8,000 note to the respondent, Portland Security Savings and Trust Company. In September, 1893, Austin, for the accommodation of Edmiston, made a new note to the Walla Walla Bank in renewal of the $4,000 note, which was then due, and this renewal note was thereafter transferred to the respondent Chase National Bank. In the fall of 1893, Edmiston conveyed the mortgaged premises to the Security Savings Bank. The present action was brought to foreclose the mortgage, and the Security Savings Bank, holder of the legal title, through H. H. A.

Hastings, its receiver, is the only party defendant who appeared in the action below.   One of the positions taken by the appellant is that the mortgage was destroyed and merged upon Edmiston's taking from the mortgagor the legal title to the mortgaged premises, and this is the only question which we deem it necessary to consider.   The superior court overruled a demurrer to the complaint, sustained a demurrer to the affirmative matter set forth in the answer, and entered a judgment and decree of foreclosure.   The appeal is from that judgment and decree, and also brings up for review the orders of the court in disposing of the demurrers.   Respondents have moved to dismiss the appeal because no findings of fact and conclusions of law have been brought to this court and no statement of facts has been settled.   The motion is without merit and must be denied.   The rulings of the court upon the demurrers may be reviewed upon the transcript, without incorporating in the record any statement of facts or the findings and conclusions of the lower court.

Was there a merger ?   In determining this question, the governing principle is the intention of the party, and this intention may be express or inferable.

We think the rule is quite well settled that, wherever it is more beneficial to the person taking the fee that the mortgage upon it should stand, that circumstance should control in determining the question of intention, and equity will give effect to it by preventing merger and treating the mortgage as a subsisting charge.   But where, as in the present case, the whole title, legal and equitable, unites in the same person and there is no intervening outstanding interest or lien, and it cannot be perceived that the keeping alive of the mortgage will be to the advantage of the grantee or essential to the protection of any right, and where to do so will work a hardship upon third parties, the acceptance of the deed extinguishes the mortgage and

a merger is deemed to have taken place. Edmiston, having taken the deed from Austin, held both legal and equitable title and there was no outstanding intervening interest or lien. He could have no interest, consistent with an honest purpose, in thereafter keeping the estates distinct, and it was not necessary to the protection of any right of his that the mortgage should be kept alive. Indeed, under the assumption clause of the deed, his obligation was to discharge it. Under such circumstances, it must be held that the equitable merged in the legal estate and this merger extinguished the mortgage debt. A different rule exists where it is more beneficial for a party taking the conveyance to keep the legal and equitable estates distinct. He may elect, under such circumstances, to continue the mortgage as a subsisting lien.

" It is generally true, that whenever a legal and equitable estate in the same land come, to one person in the same right, without an intervening interest outstanding in a third person, the equitable merges in the legal estate, and the latter alone remains subsisting.  .  .  .  In applying this principle to mortgages, it makes no difference whether the mortgagor or his assigns pay off the mortgage or take an assignment of it, *or the mortgagor conveys to the mortgagee by an absolute deed.* Such merger extinguishes the mortgage-debt, and the mortgage can no more be set up than if it had been fully paid." 2 Washburn, Real Property (5th ed.), p. 202.

In 1 Pingrey on Mortgages, § 1055, it is said:

" It is generally held that when the legal title becomes united with the equitable title, so that the owner has the whole title, the mortgage is merged by the unity of possession. Thus, where the mortgagee, not having assigned his mortgage, takes a release of the equity of redemption, the whole estate is vested in him, and the mortgage is extinguished unless the express or implied intent of the parties, or intent in the mortgagee, intervenes to prevent merger."

In *Forbes v. Moffatt,* 18 Ves. Jr. 384 a, the master of the rolls observed:

" In most instances it is, with reference to the party himself, of no sort of use to have a charge on his own estate; and, where that is the case, *it will be held to sink, unless something shall have been done by him to keep it on foot."*

And in the well considered case of *Stantons v. Thomp-son,* 49 N. H. 272, the court say:

" The doctrine of merger springs from the fact that when the entire equitable and legal estates are united in the same person, *there can be no occasion to keep them distinct,* for ordinarily it could be of no use to the owner to keep up a charge upon an estate of which he was seized in fee simple, but if there is an outstanding intervening title, the foundation for the merger does not exist, and, as matter of law, it is so declared."

In *Lockwood v. Sturdevant,* 6 Conn. 373, the court say:

" To prevent the merger of the less estate into the greater, or of an equitable into a superior legal title, when both are vested in the same person, as has been shown, there must be a good reason."

To the same effect is *Gardner v. Astor,* 3 Johns. Ch. 53 (8 Am. Dec. 465), where Chancellor KENT observes that

" Unless some beneficial interest for keeping up the distinction clearly appears, we ought rather to adopt the ordinary and natural conclusion, that when the owner of the equity of redemption pays off a subsisting mortgage, he does it to exonerate his estate. We ought, as a general rule, to follow the principle, that in the union of the equitable and legal estates in the same person, the former is merged and extinguished."

In *Lynch v. Pfeiffer,* 110 N. Y. 33 (17 N. E. 402), the court of appeals of New York, in disposing of a somewhat similar case, say:

" The Van Allen mortgage did not after the conveyance continue to be an incumbrance upon the premises, but became merged in the superior legal title which the trustees of the Presbytery took by the deed. *In order to prevent a merger in such a case the grantee should have some interest to keep the mortgage on foot, and there must be an intent that the merger should not take place."*

See, also, *Bleckeley v. Branyan,* 26 S. C. 424 (2 S. E. 319); *Agnew v. Renwick,* 27 S. C. 562 (4 S. E. 223); *Jordan v. Cheney,* 74 Me. 359; *National Investment Co. v. Nordin,* 50 Minn. 336 (52 N. W. 899); *Lyman v. Gedney,* 114 Ill. 388 (29 N. E. 286, 55 Am. Rep. 871); 15 Am. & Eng. Enc. Law, p. 322.

The intention existing at the time of taking the deed must conclude the grantee. The merger, once accomplished, could not be defeated by any intention thereafter formed. See 15 Am. & Eng. Enc. Law, p. 325, and authorities cited.

Without reviewing the numerous authorities cited by the respondent, we deem it sufficient to say that an examination of them has convinced us that they are not in conflict with the views here expressed, and are easily distinguishable upon the facts. We think the present case is not affected by the fact that the plaintiffs received the notes prior to their maturity. While that fact may entitle them to a personal judgment against the maker, it does not follow that they can enforce the mortgage against the present holder of the fee. We think that in overruling the demurrer to the complaint and in sustaining the demurrer to the answer the superior court erred, and its order and decree must be reversed.

SCOTT, C. J., and DUNBAR and ANDERS, JJ., concur.