### PIPER et v LUCEY

Ohio Appeals, 2nd Dist, Franklin Co

No 2596. Decided March 6, 1936

Hamilton, Kramer & Wiles, Columbus, and John A. Connor, Columbus, for plaintiff in error.

Wilson & Rector, Columbus, for defendant in error.

## OPINION

By BARNES, PJ.

It is the contention of counsel for plaintiff and was so determined by the trial court that by reason of the deed of conveyance from Mary E. Piper, widow of testator, conveying her life estate to the son and devisee, Arthur J. Piper, there was a merger and that such merger destroyed the contingent remainder of the minor defendants.

Counsel for the guardian of said minor defendants take the contra position, that Arthur J. Piper, through Item 2 of the will of his deceased father, took a vested remainder subject to be divested on the contingency that the said Arthur J. Piper preceded his mother in death; that that contingency having occurred, the estate of Arthur J. Piper is at once divested and then and there was vested in the minor defendants, not as heirs of their deceased

father, but by provisions of Item 2 of the will of their grandfather.

Further, that the conveyance by Mary E. Piper releasing her life estate to the son Arthur J. would not have the effect through merger of changing or terminating the contingent estate devised to the four minors under Item 2 of the will.

Counsel for the minors devote many pages of their brief to citation of authorities, excerpts therefrom and argument by analogy as to the kind and character of the estate devised under Item 2 of the will. We can see no useful purpose in referring to or discussing these cases at length for the reason that we think that the rule is uniform and well defined. Following the rule we concretely state it as applicable to the instant case. Item 2 of the will in question gave to Mary E. Piper a life estate; to Arthur J. Piper was given a vested remainder in fee subject to be divested on the contingency that he precede his mother in death; on the happening of the contingency, the contingent interest of the four minor children would vest.

The cases cited and which uniformly sustain the rule are the following:

Miller v Miller, 86 Oh St, 345;
McCarthy v Hensel, 4 Oh Ap, 425;
Hudson v Kellerman, 12 Oh Ap, 424;
Laroche v Laroche, 10 Oh Ap, 242;
Millison v Drake, 123 Oh St, 249-253.

The Millison case originated in Franklin County and was before the Court of Appeals of this District as then constituted, (Judges Hornbeck, Kunkle and Allread), the opinion written by Judge Hornbeck.

From our examination of brief of counsel for defendant in error no different view is entertained as to the nature of the estate devised under Item 2 of the will. The sole and only question raised is the claim that the contingent remainder was destroyed by reason of merger arising through the release of the life estate to the holder of the vested remainder. At this time it is proper to say that counsel for defendant in error took the position that this contingent interest is properly designated a contingent remainder and is controlled by the law relative thereto, while counsel for plaintiff in error present the theory that if necessary to carry out the intent of the testator the estate may be construed as an executory devise.

The term 'merger' as applicable to estates is defined to be an absorption of one estate in another and takes place usually when a greater estate and a less coincide and meet in one and the same person without any intermediate estate whereby the less is immediately merged or absorbed in the greater. To constitute a merger it is necessary that the two estates be in one and the same person at one and the same time and in one and the same right. A fee absorbs and merges all other estates. In 10 R.C.L. p. 666, §27, 2nd paragraph, we find the following:

"But the doctrine of legal merger is now practically extinct both in England and the United States, equitable principles being generally applied by the courts of both countries. Since a court of equity is not bound by the legal rule of merger, it will prevent or permit a merger of estates according to the intention of the parties, either actually proved or implied from the fact that merger would be against the interest of the party in whom the several estates or interests have united."

Also, Ohio Jurisprudence, Vol. 16 (Estates), p. 521, §145, last paragraph:

"In Ohio it has been asserted that a merger of two or more estates, which by the rules of law may merge, will be held to have merged only when justice is promoted thereby, but will be refused where an equity would be unjustly extinguished by the merger."

The claim of merger in the instant case is on the theory that the life estate of the widow having been conveyed to the son, that thereby the two estates were merged and there remained no particular estate to support the contingent remainder of the minor defendants.

Under the common law the rule is recognized that contingent remainders would lapse whenever the supporting estate necessary for its continuing existence had ceased to exist from any cause.

A very good definition of contingent remainder is given in §98, 16 O. Jur., p. 479:

"A contingent remainder is one where the estate in remainder is limited either to a dubious and uncertain person, or upon the happening of a dubious and uncertain event, so that the particular estate may chance to be determined and the remainder never take effect. It is the uncertainty of the right of enjoyment, and not the uncertainty of its actual enjoyment, which renders a remainder contingent. Where there is neither an immediate right of present possession was a present fixed right of future possession, a remainder is contingent."

The requirement as to the nature of the particular estate to support a remainder, either vested or contingent is authoritatively stated as follows:

"It is a fundamental rule of the common law that there can be no remainder unless there is a precedent particular estate which will necessarily terminate at some future time. It is essential to a remainder whether vested or contingent that it have a preceding or particular estate to support it. The continuance of the particular estate is essential to support a remainder and in case of the failure of the particular estate before the remainder can take effect the remainder is void.

The preceding or particular estate in order to support a remainder although it must be less than a fee must be a certain and fixed right in the land which is carved out of the estate."

**Vol. 16 O. Jur. (Estates) §§110-111.**

The rule of law is also well established that where possible the contingent interest will be determined to be a contingent remainder rather than an executory devise.

The nature and character of the estates are identical, but the rules applicable to executory devises are only invoked when necessary to carry out the intention of the testator.

Again quoting from **16 Ohio Jur. (Estates) §137**, we find the following:

"Executory devices were instituted in order to support and effectuate the intention of a testator concerning limitations of future estates which could not take effect as remainders, or other kinds of testamentary interests, consistently with rules of law. Thus, where a limitation, carved out of an estate by will, and falling within the denomination of a contingent remainder, has been defeated as a remainder by the lapse, or other failure, of the preceding estate, it may, by construction, be allowed to take effect as an executory devise, and be upheld as such, in order to effectuate the intention of the testator."

In support of the above text the case of **Thompson v Hoop, 6 Oh St 480** is cited in the notes. As we view it this case of Thompson v Hoop, supra, is determinative of the instant case. While a very old case it is recognized as the leading authority on the subject in Ohio. The 4th syllabus reads as follows:

"Where a testator, after a devise of 'the plantation on which he was living,' with all the property thereon, to his widow, devised 'the plantation' to one of his sons, from and after the death of the widow, the subsequent estate, in case the life estate should fail by the widow declining to take under the devise, will not be defeated by the rules governing contingent remainders, but take effect as an executory devise."

The decision in this case was released in 1856. At that time the syllabus had not been declared to be the law of the case. The opinion by Bartley, C.J., very fully supports the syllabus as prepared by the reporter. In fact the opinion is a splendid treatise on the subject of contingent remainders and executory devise. The careful reading of that part of the opinion on pages 485, 486 and 487 leaves no room for doubt that under the facts of the instant case the minor defendants at the time of the probating of the will of the ancestor were given an estate either as a contingent remainder or an executory devise. As we view it even under the strict common law rule relative to contingent remainders the contingent interest of the minors would not be defeated for the reason that the particular estate supporting their contingent interest was the vested remainder of their father. The son of the testator was given a vested remainder subject to be divested on the contingency that he preceded his mother in death. That contingency happened and the contingent interest of the minors immediately vested. It was not the life estate of the widow of the testator that was the supporting estate of the minors. It was only through the death of the son that the contingent interest vested.

However, it is wholly unnecessary to pursue this line of thought to any greater length for the reason that the estate of the minors will be protected as an executory devise if unable to be supported as a contingent remainder.

A more recent case dealing with the subject is that of **Heath v The City of Cleveland, 114 Oh St, p. 535.** The 4th syllabus reads as follows:

"An estate in land may be created by will in Ohio that will not vest until the expiration of a definite period, or the happening of some event after the death of the testator, without the creation by will of an intervening estate upon which to rest it."

At page 548 of the opinion the case of Thompson v Hoop is referred to with approval.

It is our conclusion that the trial court

was in error in sustaining the demurrer to the cross-petition of the guardian of the minor defendants. Under the state of the pleadings the mortgage at the present time would cover no more than the life estate of the widow of the testator. As heretofore stated she is still living. While the son had a right to execute the mortgage covering the fee, the mortgagee could take no higher ·title than that held by the mortgagor. His vested interest in the fee was subject to be divested and that contingency has occurred. The minors have a vested estate subject to the life estate of the widow of testator afterwards conveyed to the son and by him mortgaged to the plaintiff. The case will be remanded and costs taxed against plaintiff in error.

Exceptions will be allowed.

HORNBECK and BODEY, JJ, concur.