PAUL v PAUL, et

Probate Court, Summit Co.

No. 12901.   Decided May 17, 1940.

Reed and Diefenbach, Akron, for plaintiff.

Brouse, McDowell, May & Bierce, and Robert C. Brouse, Akron, for defendants.

## OPINION

By MAY, J.

Lena Paul died testate, leaving her property to her husband, Victor E. Paul, for life, remainder undisposed of, therefore governed by the law of descent and distribution.   Six children were born to the said decedent, one, Dorothy Jackson, having predeceased her, leaving two children, Ruth Louise and Eleanor Mae, which said children were subsequently adopted by the decedent and Victor E. Paul.

The question to be decided is, "May a child, adopted by its natural grandparents, after the decease of its mother, receive on the decease of one of its grandparents, not only the share of its mother, but its own snare as a child of its grandparent?"

The following statutes are involved and should be considered:

**Sec. 10503-4, subsection 3, GC:**

"Statute of Descent and Distribution. * * * 3. If there be a spouse and more than one child, or their lineal descendants, surviving, one-third to the surviving spouse and the remainder to the children equally, or to the lineal descendants of any deceased child, per stirpes."

**Sec. 10504-49 GC:**

"Afterborn or pretermitted heirs; effect on will.  If after making a last will and testament, (a) the testator has a child born alive, or (b) **the testator adopts a child,** or (c) the testator designates an heir in the manner provided by law, or (d) a child or designated heir absent and reported to be dead proves to be alive, and no provision has been made in such will or by settlement for such pretermitted child or heir, or for the issue thereof; the will shall not on that account be revoked, but, unless it shall appear by such will that it was the intention of the testator to disinherit such pretermitted child or heir, the devises and legacies by such will granted and given shall be abated proportionately, (or in such other manner as may be found necessary to give effect to the intention of the testator as shown by the will) so that such pretermitted child or heir will receive a share equal to that which such person would have been entitled to receive out of the estate if such testator had died intestate."

**Sec. 10512-19 GC, reads as follows:**

"Nothing in this act shall be construed as debarring a legally adopted child from inheriting property of its natural parent or other kin."

The case law of Ohio sheds little light upon the problem involved.  The unreported case of **Smith, Guardian v Carver, 36 Weekly Law Bulletin, 189,** is of little help, because although it is a Supreme Court decision, the syllabus apparently was written by a reporter and there is no reasoning or opinion in the report of the case.  The syllabus reads as follows:

"A grandchild adopted by its grandfather as a child, becomes thereby his heir and takes an equal share of his land with his other children, and in such case, is not entitled to an additional share as a grandchild."

A question similar to the one presented herein has been decided in other jurisdictions, and seems to have given rise to two schools of thought.

Wagner v Varner, 50 Iowa Reports 532, decided by the Supreme Court of Iowa follows a strict statutory construction, as is shown by the syllabus, which states:

"Where a father adopted two children of his daughter, and afterward died, leaving no will, it was held that the children so adopted would inherit from him as his own children, and would also inherit the share of their deceased mother."

On page 534 of the report of said case, the court said:

"It is said that a child has no natural right to the estate of a deceased parent. Such thought, however, has but little significance in this case, for the reason that the statutory right is ample. Nor is the element that these two children inherit from two sources, and thus get more than their proper share, entitled to much weight. The reply would seem to be pertinent here that heirship is not a natural but a statutory right, arbitrary and general, and, therefore, exceptional cases of apparent heirship or inequality must occasionally occur."

In the Massachusetts case of Delano v Bruerton, decided by the Supreme Judicial Court of Massachusetts, and reported in 148 Mass. Reports 619, the syllabus indicates the opposite thought of that expressed in the Iowa case, which said syllabus reads:

"An adopted child, who is at the same time the grandson of the adopting father, can not under the public statutes c-148, Section 7, inherit the property of his grandfather in a twofold capacity, as his son and as a grandson."

Sub-section 7 provides that, "No person shall, by being adopted lose his right to inherit from his own parents or kindred." But the court says that when the legislature so provided, it did not consider that it intended that "kindred" should include the adopting parent.

On page 620 of the report, the court said:

"Probably the Legislature contemplated, what is in fact true, that most of the children adopted would be infants incapable of protecting their rights and of appreciating the effect of the transaction, and it was just to provide that they should not, without their intelligent consent, be deprived of the right to inherit the property of their natural parents or kindred. As applied to most cases, the provision is plain, and in harmony with the other parts of the statute, and there is no difficulty in carrying into effect every part of it. But when applied to the case before us, if it is to receive the construction claimed by the guardian of Henry Curtis, it becomes inconsistent with the main provisions of the statute.

"The same person can not, as to the legal descendants of his adopting parent, stand in the position of his son and at the same time claim to inherit a portion of his property as his grandson. It is to be continually borne in mind, that we are not dealing with the question whether Henry Curtis can inherit as a son from his adopting parent and at the same time inherit directly from his father. If his father left property, he would have the right to inherit it. But the sole question is as to the right to inherit the property of his grandfather and adopting father in a double capacity, as his son and as his grandson."

On page 621, the court further stated:

"It intended to save the right of inheritance from other parties, having already provided as to the right of inheritance from the adopting parent To bring this provision, when applied to a case like this, into harmony with the other parts of the statute and with its general spirit and scope, we are of opinion that it should be held to apply to the inheritance of the property of some third person, and not to that of the property of the adopting parent."

In the case of Morgan v Reed, decided by the Supreme Court of Pennsylvania, and reported in 213 Penn. State Reports, 81, the syllabus reads as follows:

"Where a grandfather adopts a grandchild, daughter of a deceased daughter, and dies intestate, the adopted child inherits as a child only, and not in a double capacity, as child and grandchild."

The Act of May 19, 1887, P. L. 125, after prescribing the conditions and mode of adoption, and setting forth that the adopted child shall have all of the rights of a child, and heir of the adopting parent, provides further, "that if such parents shall have other children, the adopted shall share the inheritance only as one of them." This conclusion was clearly due to express statutory provision.

The only reported case in Ohio which bears upon the proposition of an adopted child receiving a greater portion than natural children, is found in 24 Abs p. 312, the case being **Holester v Witherbee**, decided by the Common Pleas Court of Hamilton County, June 24, 1937. Part 6 of the syllabus reads as follows:

"Under the laws of New York and Ohio (§10512-19 GC) an adopted child has the same right of inheritance as the own child of the foster parent, and where the testator, by the terms of his will. specifically expresses the intention that upon the death of the life tenants, without children or surviving spouse, the trust funds should be distributed 'in the family, to the then surviving children or the children of any deceased child, a grand-daughter of the testator who was adopted by another child of the testator after her mother's death, receives two shares of the funds upon the death of her foster parent, prior to distribution'."

The facts of the Pa., Mass.. and Iowa cases herein set forth, are on all fours with the case at bar so far as the facts are concerned, and it seems to be a question of a strict or liberal construction of the statutes. The court feels that a distinction can be drawn between the facts in these three cases and the facts in the Holester v Witherbee case, so that we do not feel bound by the conclusion of the Witherbee case.

It is stated in **16 O. Jur. 520**, that merger is the absorption of one estate into another, and takes place usually, when a greater estate and a lesser estate coincide and meet in one, and the same person without any intermediate estate, whereby the lesser is immediately emerged or absorbed in the greater."

Chief Justice Morton in the Massachusetts case of Delano at page 620 says:

"The intent of the statute was to put an adopted child, for all local proportions, with certain carefully defined exceptions, in the place of a natural child, and to give him the same rights. If the statute had stopped here, it would seem that Henry Curtis would, in regard to the succession to the property of his adopting parent, stand as a son and that his rights of succession as a grandson would be merged in his greater rights as a son."

The opinions of the Massachusetts courts have always commanded a high place in the jurisprudence of this country, and we favor the reasoning of the Massachusetts decision in the Delano case, on the theory of merger.

Having in view the equities involved, it is our opinion that in enacting the laws which control this question, the Legislature did not contemplate or intend a result which would permit an adopted child to receive more than a natural child. It does not seem reasonable that a parent, testate or intestate, would, in the natural course of events, plan such an inequitable result. There is a difference between "judicial legislation" and a "common sense" construction and interpretation of a statute,—a construction which results in a conclusion which it is reasonable to assume was contemplated by the lawmaker and the individual.

The court will therefore follow the Massachusetts reasoning and arrives at the conclusion that the grandchildren herein can not inherit from their grandmother and adopted mother in a two-fold capacity, but that in such a situation the smaller interest receivable by them will be merged in the larger, so that the most they can receive in such a situation will be the larger of the two interests.

In arriving at this conclusion, the court is in no way disturbing the statutory rights of an adopted child to inherit property of its natural parent or other kin, but is prohibiting such adopted child from inheriting "property of its grandfather and adopted father in a double capacity." In the case at bar, the natural mother of the adopted children at no time "owned" any part of the estate herein, and this finding would in no way deprive an adopted child from inheriting property belonging to its natural parents.

An appropriate journal entry may be prepared by counsel and submitted herein.

Exceptions are hereby allowed the guardian ad litem for Ruth Louise Paul and Eleanor Mae Paul.