WAITMAN, Exr., Appellant v. EMMONS et, Defendants, and STOCKHOLDERS REALIZATION CORP., Appellee.

Ohio Appeals, Second District, Montgomery County.

No. 1818.   Decided March 12, 1945.

NICHOLS, J., of the Seventh Appellate District, sitting by designation.

George E. Nichols, Dayton, for appellant.

Froug & Froug, Dayton, for Dayton Purchasing Company, substituted for Stockholders Realization Corp., appellee.

## OPINION

By NICHOLS, J.

This cause is in this court on appeal upon questions of law and fact from the decree of the Common Pleas Court of Montgomery County and by agreement of counsel was submitted de novo upon the pleadings and agreed statement of facts, the action being one in chancery for a determination of priority of mortgage liens set up in the petition of plaintiff and the answer and cross-petition of Stockholders Realization Corporation, now known as Dayton Purchasing Company. No other defendant seeks relief in this court.

From the pleadings and agreed statement of facts, it appears that on April 30, 1927, Louise Osborn Emmons and Nelson Emmons, Jr., wife and husband, executed and delivered to Dayton Savings and Trust Company, later known as The Union Trust Company of Dayton, their promissory note in the sum of $50,000.00, upon which there was due and owing on April 22, 1939, the sum of $49,821.40, and on April 30, 1927, to secure the payment of such note, Louise Osborn Emmons and Nelson Emmons, Jr., executed and delivered to Dayton Savings and Trust Company their mortgage upon the real estate described in plaintiff's petition, which was duly recorded on May 2, 1927.

On April 16, 1932, Louise Osborn Emmons and Nelson Emmons, Jr., executed their promissory note for the sum of $7,500.00, with interest, payable to the order of Helen M. Waitman, on which there was due and owing as of November 22,

1940, the sum of $7,093.12, and to secure such note executed and delivered to Helen M. Waitman their mortgage on the real estate described in the petition, which was duly recorded on June 21, 1932.

Plaintiff, as executor of the estate of Helen M. Waitman, dec'd., seeks foreclosure of the mortgage executed to her on the premises described in the petition and claims such mortgage to be the first and best lien thereon.

All of the assets of The Union Trust Company of Dayton, including the mortgage executed April 30, 1927, by Mr. and Mrs. Emmons, were taken over for liquidation by the Superintendent of Banks of the state of Ohio on October 31, 1931.

On February 19, 1937, Mr. and Mrs. Emmons executed and delivered to the Superintendent of Banks a general warranty deed for the real estate described in plaintiff's petition, in which they warranted the premises against all claims of all persons whatsoever, such deed being duly recorded, and simultaneously Mr. and Mrs. Emmons executed and delivered an agreement to the Superintendent of Banks, copy of which is attached to the agreed statement of facts, in which reference is made to the aforesaid deed executed by them to such superintendent for the real estate described in plaintiff's petition and to the fact that they had previously executed and delivered to The Union Trust Company of Dayton their mortgage upon such premises as security for the promissory note in the sum of $50,000.00, upon which there was then due and owing in excess of $60,000.00 and delinquent taxes on the property in excess of $2,000.00.

This agreement further sets forth that it is the desire of Mr. and Mrs. Emmons as well as the Superintendent of Banks to protect The Union Trust Company of Dayton in every way against loss upon such indebtedness "without foregoing or relinquishing any rights or security which it may now have or hold against said mortgagors for the repayment of said obligation, and * * * in order to accomplish the desires of both parties in this respect, it appears both right and proper that said The Union Trust Company be placed in immediate possession of, with full authority over, said mortgaged premises to the extent that it might even sell, transfer and dispose of the same in such manner and at such price as it may deem best without recourse to or permission of said mortgagors, and * * * it is agreed between the parties that the only method of accomplishing such desired purpose is by way of deed from the mortgagors * * * to the mortgagee * * * conveying the fee simple title to said real estate so mortgaged, and * * * it is fully understood between all of the

parties that it would not be for the best interests of the mortgagee that the mortgage which it now holds upon said premises be merged in the fee simple title to said premises which it would thus acquire.

"NOW THEREFORE, it is this day agreed between the parties hereto that the said Louise O. Emmons and Nelson Emmons, her husband, will execute and deliver to The Union Trust Company of Dayton, Ohio, their warranty deed for the premises above described, thereby conveying to said The Union Trust Company all of their right, title and interests thereto, thus placing said The Union Trust Company in complete possession thereof with full right to manage, rent, sell, transfer and dispose of the same in such manner, upon such terms and at such price as to it may seem best without let, hindrance or interference upon their part but with the understanding that any and all income, return or proceeds arising from and coming into the hands of said Trust Company through the rental or sale of said property, be applied by said Trust Company as a credit upon the mortgage indebtedness and tax liens above described in the manner and proportion determined by said Trust Company to be for its own best interest as mortgagee.

"And the said Louise O. Emmons and Nelson Emmons, her husband, hereby agree that said mortgage indenture and the indebtedness secured thereby shall not be considered in any sense as having been merged in the deed this day given, or in the fee simple title thereby conveyed but that it be kept and continued in full force and effect as security for the existing indebtedness, separate and distinct from the estate upon which it rests.

"And the said Louise O. Emmons and Nelson Emmons, her husband, hereby acknowledge the indebtedness now existing from them to said Trust Company, recognize the intention of said Trust Company to keep the same alive and in full force and effect and agree that the same be done free from any merger between the two estates in said property which will be vested in said Trust Company upon the execution and delivery of said deed."

Subsequently, under order of the Common Pleas Court, the Superintendent of Banks sold to Stockholders Realization Corporation all of the uncollected assets of The Union Trust Company, including the real estate in question and the note and mortgage executed by Mr. and Mrs. Emmons to the bank, and at the same time sold, transferred, set over and assigned

unto Stockholders Realizaton Corporation all his right, title and interest in and to the written agreement above referred to, whereby they evidence the intention of the parties not to merge such mortgage with the legal title conveyed.

In the Common Pleas Court, by agreement of the parties, the premises in question were sold and the respective liens transferred to the fund realized upon such sale. The premises were sold for the sum of $16,000.00, of which $8,000.00 was ordered retained by the Master Commissioner appointed by the Common Pleas Court, that sum being deemed sufficient to protect the rights of plaintiff under the mortgage set up in his petition in the event of an appeal from the decree of that court finding that the mortgage of Mr. and Mrs. Emmons to the trust company had not merged in the legal title conveying such premises to them and was the best and first lien upon the premises. The balance of such proceeds was paid to Dayton Purchasing Company, which was substituted as defendant in place of Stockholders Realization Corporation, such corporation having been reorganized under the substituted name.

Under the stated facts, this court is of the view and so holds that the mortgage executed by Mr. and Mrs. Emmons to The Union Trust Company did not merge in the legal title conveyed by them to it; that such mortgage is still in force and effect and is the first and best lien upon the proceeds arising from the sale of the described premises.

The question involved here is not dissimilar to that decided by the Court of Appeals of the Seventh Distrct in **Marshall v. Ebling, 70 Oh Ap, 145,** wherein the writer of this opinion expressed the views of that court as to the rules applicable when a legal and equitable estate meet in the same person.

In addition to the authorities cited in Marshall v Ebling, supra, reference is here made to Summy v Ramsey et, 101 Pac., 506, a case in the Supreme Court of the State of Washington, wherein it is stated in the opinion:

"When a greater and lesser, or a legal and equitable estate, meet in the same person, it is the well-settled rule at law that the lesser or equitable estate is merged and ceases to exist. Whether a merger will be recognized in equity depends upon the interests of the parties and the surrounding circumstances. If there are outstanding liens against which it becomes necessary to protect the title, a merger will not occur. Equity will prevent a merger to promote substantial justice, but will not do so when its prevention would promote a fraudulent transaction, or carry into effect any unconscionable wrong. 'Whatever may

be the circumstances, or between whatever parties, equity will never allow a merger to be prevented and a mortgage or other security to be kept alive, when this result would aid in carrying a fraud or other unconscientious wrong into effect, under the color of legal forms. Equity only interposes to prevent a merger in order thereby to work substantial justice.' 2 Pomeroy's Eq. Jur. (3d Ed.) Sec. 794. In Chase National Bank v. Hastings, 20 Wash. 433,. 436, 55 Pac. 574, 575, this court said: 'We think the rule is quite well-settled that, wherever it is more beneficial to the person taking the fee that the mortgage upon it should stand, that circumstance should control in determining the question of intention, and equity will give effect to it by preventing merger and treating the mortgage as a subsisting charge; but where, as in the present case, the whole title, legal and equitable, unites in the same person, and there is no intervening outstanding interest or lien, and it cannot be perceived that the keeping alive of the mortgage will be to the advantage of the grantee or essential to the protection of any right, and where to do so will work a hardship upon third parties, the acceptance of the deed extinguishes the mortgage, and a merger is deemed to have taken place."

We think the quoted language of the Supreme Court of Washington very clearly and definitely applies to the situation involved in the case at bar. The intention of the parties that the original or first mortgage should not merge with the title conveyed by the mortgagee to the trust company could no more clearly be expressed than by the language used in the agreement entered into between them.

This action is in a court of chancery. Equity will interpose to prevent a merger in order thereby to work substantial justice. To hold under the facts in this case that a merger took place would but lead to the unjust enrichment of plaintiff's decedent's estate. No injustice is done to her estate by our holding that a merger did not take place. Her mortgage was taken at a time when the premises were already mortgaged for a sum so greatly in excess of the value of the property that there could have been little hope of any equity in the premises by reason of the second mortgage. To hold that a merger existed under the circumstances would be contrary to the expressed intention of the parties. It is the recognized rule in equity, whatever the rule may be at law, that the intention of the parties at the time will control.

Summy v. Ramsey et al., supra, was cited to us by counsel for plaintiff, and we are specifically referred to the third paragraph of the syllabus as follows:

"If the holder of a mortgage also acquires the title and conveys with full covenants, his act is conclusive on him as to merger."

This paragraph of the syllabus cannot be applied to the facts of the case we have here under consideration. Here the holder of the mortgage, who also acquired the title, did not convey with full convenants but, in accordance with the order of the court having charge of the liquidation of The Union Trust Company, conveyed only "his interest as Superintendent of Banks in charge of the liquidation of The Union Trust Company of Dayton, Ohio, in and to all of the assets of said The Union Trust Company * * * upon the terms and conditions as in said application and order set forth."

A decree may be entered herein in accordance with this opinion.

HORNBECK, P. J., and GEIGER, J. concur.