COLOPY ET AL., APPELLEES, *v.* WILSON ET AL., APPELLANTS.

(No. 88-CA-46 — Decided May 18, 1989.)

*Zelkowitz, Barry & Cullers* and *Robert L. Rauzi,* for appellees.

*William P. Bringman, Geiger, Teeple, Smith & Hahn* and *John N. Teeple,* for appellants.

MILLIGAN, J.   On reciprocal motions for partial summary judgment, filed and supported by affidavits, the Knox County Court of Common Pleas

entered judgment for plaintiffs. The court enjoined defendants from interfering with plaintiffs' use and maintenance of the subject oil well and quieted title of the lease interest in the well in plaintiffs' favor. Defendants assign as error:

Assignment of Error No. I

"The trial court erred in rendering judgment in favor of appellees on the motion for partial summary judgment of appellees as summary judgment cannot be granted where a genuine issue exists as to material facts."

Assignment of Error No. II

"The trial court erred in rendering judgment in favor of appellees on the motion of appellants for partial summary judgment as the judgment was contrary to law."

From September 6, 1929 until September 30, 1954, Catherine F. Colopy owned 165 acres of land located in Section Six of Union Township, Knox County, Ohio ("farm"). In 1954, Catherine conveyed a leasehold interest in an oil and gas well to Frank Lyons, giving Lyons the right to drill on the farm. In 1956, the estate of Frank Lyons assigned the lease to Evelyn Lyons. In 1957, Wilford and Gertrude Colopy acquired title to the farm. In 1968, Wilford and Gertrude Colopy acquired the Lyons' leasehold interest in the farm by assignment from the estate of Evelyn Lyons.

Thus, in 1968, Wilford and Gertrude Colopy owned both the fee and the *lessee* interest in the farmland.

In 1970, Wilford and Gertrude Colopy, appellees, sold the farm to their son and his wife, James and Judy Colopy, by warranty deed, conveying:

"all the Estate, Right, Title and Interest of the said grantors in and to said premises; To have and to hold the same, with all the privileges and appurtenances thereunto belonging to said grantees, their heirs and assigns forever."

The deed contained no specific reference to the lease.

In 1983, the farm was foreclosed and sold to the defendants at a Sheriff's sale.

I

Based on the doctrine of merger, defendants claim they are the fee owners of the real property interest in the farm as well as the leasehold interest in the subject oil and gas well.

"Merger is the absorption of one estate in another, and takes place usually when a greater estate and a less coincide and meet in one and the same person without any intermediate estate, whereby the less is immediately merged or absorbed in the greater. To constitute a merger, it is necessary that the two estates be in one and the same person, at one and the same time, and in one and the same right. * * *" 41 Ohio Jurisprudence 3d (1983) 547, Estates, Powers, and Restraints on Alienation, Section 135, citing *Piper* v. *Lucey* (App. 1936), 21 Ohio Law Abs. 661, and *Paul* v. *Paul* (P.C. 1940), 31 Ohio Law Abs. 453, 17 O.O. 392, 2 Ohio Supp. (31 N.E. 2d) 349.

Here, the trial court found:

"When the plaintiff's [*sic*] owned both the legal title to the subject real estate and the leasehold interest at the same time and when they conveyed the legal title to the real estate to their son and daughter-in-law there was no intent to cause a merger of the two interests and the court finding that an intent is necessary finds that there was no merger of the two interests."

It was a well-established principle and inflexible rule in ancient common law that a merger always took place when a greater and a lesser estate coincided and met in the same person without any intermediate estate. 28 American Jurisprudence 2d (1966) 582, Estates, Section 375. This doctrine of

legal merger is now practically extinct in the United States. *Id.*

"* * * Under modern law, the question of whether or not there will be a merger of a lesser and greater estate under circumstances which might permit such a merger is largely a matter of intention and substantial justice. * * *" *Day* v. *Brooks* (P.C. 1967), 10 Ohio Misc. 273, 277, 39 O.O. 2d 441, 444, 224 N.E. 2d 557, 562. See, also, *Waitman* v. *Emmons* (1945), 76 Ohio App. 212, 43 Ohio Law Abs. 121, 31 O.O. 502, 61 N.E. 2d 912.

Ohio case law has not addressed the specific issue of whether a leasehold interest is merged with a fee estate when both interests meet in the same person. However, the issue has been addressed in other jurisdictions. See *Anthony L. Petters Diner, Inc.* v. *Stellakis* (1985), 202 N.J. Super. 11, 493 A. 2d 1261; *Schmaeling* v. *Schmaeling* (1985), 127 Misc. 2d 763, 487 N.Y. Supp. 2d 494 (where the court found the doctrine of merger applied to leasehold interests); *Ferguson* v. *Ragland* (Tex. Civ. App. 1922), 243 S.W. 721; *Badger Oil Co.* v. *Commissioner of Internal Revenue* (C.A. 5, 1941), 118 F. 2d 791.

Based upon the authority cited herein, we adopt the modern merger rule. Intent to create a merger of the leasehold estate with the fee estate is an issue of fact. In our review of the record, we are unable to say that reasonable minds could reach but one conclusion as to whether appellees did or did not have the requisite intent required to create a merger between the fee and the leasehold estates. See *North* v. *Pennsylvania RR. Co.* (1967), 9 Ohio St. 2d 169, 38 O.O. 2d 410, 224 N.E. 2d 757.

We certify the following issues of material fact to be genuinely disputed: (1) whether Wilford and Gertrude Colopy, in their conveyance to James and Judy Colopy, had the requisite intent to create a merger; and (2) whether equity will be served by ruling that both the leasehold and real property interests merged.

We therefore sustain appellants' first assignment of error.

## II

Because of our decision in appellants' first assignment of error, appellants' second assignment of error is overruled.

Accordingly, the judgment of the Court of Common Pleas of Knox County, granting summary judgment in favor of Wilford and Gertrude Colopy, is hereby reversed and the cause is remanded to that court for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

HOFFMAN and GWIN, JJ., concur.