### Mathias v. Fantine
*[Cite as 2 AOA 262]*

*Case No. 89AP080063*
*Tuscarawas, (5th)*
*Decided March 1, 1990*

*R.C. 1335.01*

*For Plaintiff-Appellant: Arthur B. Cunningham, 132 Fair Avenue N.W., New Philadelphia, OH 44663.*

*For Defendants-Appellees: Chris T. Nolan, 300 Courtyard Square, 80 South Summit Street, Akron, OH 44308.*

MILLIGAN, P.J.

The administrator of the estate of Lawrence H. Mathias, deceased, sought judgment from the Tuscarawas County Common Pleas Court, Probate Division, declaring (1) decedent's trust instrument titled "Declaration of Trust" void *ab initio* because the grantor, trustee, and beneficiary are one in the same person, (2) the addenda to the "Declaration of Trust" invalid because they were executed under undue

influence and/or duress, and praying for a writ of execution to recover property belonging to the estate now in the possession of one of the defendant-beneficiaries, Linda Sue Fantine. The court granted plaintiff's motion for summary judgment finding the "Trust instrument and its Addenda" void and ineffective.[1] Only Defendant Fantine appeals:

### ASSIGNMENT OF ERROR NO. I
THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN THAT THE COURT IMPROPERLY APPLIED THE DOCTRINE OF "MERGER" RATHER THAN THE DOCTRINE OF SEVERABILITY IN CONSTRUING THE LAWRENCE H. MATHIAS "DECLARATION OF TRUST" IN AS MUCH AS THE TRUST MAINTAINS SEPARATE LEGAL AND EQUITABLE ESTATES.

Notwithstanding our grave reservations about the finality of the judgment because of the trial court's failure to explicitly resolve the second and third counts and the counterclaim, we address the assignments of error in the absence of objection and in light of the parties' representation that all claims have been resolved.

### ASSIGNMENT OF ERROR NO. II
THE COURT'S CONSTRUCTION OF THE MATHIAS TRUST DOCUMENT WAS ERRONEOUS IN THAT THE COURT INVALIDATED AN ENTIRE TRUST AGREEMENT BASED UPON THE COURT'S IMPROPER CONSTRUCTION OF THE MATHIAS "DECLARATION OF TRUST," AND FAILED TO PROPERLY APPLY THE DOCTRINE OF SEVERABILITY IN ORDER TO VALIDATE THE TRUST.

### ASSIGNMENT OF ERROR NO.III
THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN THAT THE COURT IMPROPERLY CONSTRUED ARTICLE I OF THE MATHIAS TRUST BY ITS DECLARATION THAT THE SETTLOR, LAWRENCE H. MATHIAS, WAS THE SOLE TRUSTEE, AND FURTHER FAILED TO GIVE THE LANGUAGE OF THE "DECLARATION OF TRUST" ITS PLAIN ORDINARY MEANING.

The "Declaration of Trust":

"I, Lawrence H. Mathias, aka L. H. Mathias of R.D. #1 Dover, Ohio, (called Grantor), hereby transfer the property described in schedule "A" attached hereto to the Lawrence H. Mathias Trust of Dover, Ohio IN TRUST to hold such securities, real estate, and all substitutions thereof and additions thereto for my benefit during my lifetime and thereafter for the benefit of others as follows:

### "ARTICLE I. DISTRIBUTION DURING GRANTOR'S LIFETIME

"1. During the life of the Grantor the Trustee (whether the Grantor or otherwise) shall distribute the net income from the Trust property to the Grantor, in at least quarterly installments or in such other installments as he may request, or make expenditures therefrom on behalf of Grantor.

"2. In addition thereto the Trustee (whether Grantor or otherwise) is authorized from time to time to distribute to the Grantor, or make expenditures therefrom on his behalf, such portion of the principal of the Trust property as when added to his available income from this and all other sources, shall in the judgment of the Trustee be necessary or proper to provide for his maintenance, health, comfort, care and support.

"3. Any unpaid income may be added to principal from time to time.
"* * *

### "ARTICLE IV. TRUSTEE

"1. I hereby appoint myself, Lawrence H. Mathias as Trustee. Upon my death or in the event of my incapacity, due to serious illness or disability, or in the event I deliver a written notice to my son, Eugene H. Mathias to assume the duties as Trustee hereunder and the management thereof, I hereby appoint my said son, Eugene E. Mathias as successor Trustee hereof with all of the power and responsibility thereof, irrespective of whether or not he may also serve as Executor of My Last Will and Testament."

A trust is a fiduciary relationship in which one person holds a property interest subject to an equitable obligation to keep or use that interest for a benefit of another. *Hill v. Irons* (1953), 160 Ohio St. 21, 113 N.E.2d 253; *Bank One of Milford v. Bardes* (Dec. 31, 1987), Brown App. No. CA87-04-008, unreported.

In creating the trust, there must be a declaration of trust, accompanied with an intention to create a trust, followed by an actual conveyance or transfer of property. *First Natl. Bank of Middletown v. Gregory* (1983), 13 Ohio App. 3d 161, 468 N.E.2d 139.

Classification of an express trust traditionally hinges upon whether the beneficiary's interest in the trust vests during the life time of the settlor or after his death. 76 Am.Jur.2d, Trusts, §4; 91 O.Jur. 3d, Trusts, §6. There are two classifications: an *inter vivos* trust and a testamentary trust.

An *inter vivos* trust, also called a living trust is created during the settlor's life time and exists at the time of the settlor's demise. *Hageman v. Cleveland* (1974), at their App.2d 160, 324 N.E.2d 594, rev'd on other grounds, 45 Ohio St. 3d 178, 343 N.E.2d 121. A testamentary trust is created be a will and comes into existence after the settlor's death. *Hageman. supra.*

Here, the Lawrence H. Mathias trust was nor transferred by a will nor does the trust comply with the statute of wills. It was an attempt to create a trust *inter vivos* giving Grantor" a life estate and a remainder over to a successor trustee his son, to distribute upon "Grantor's" death.[2] Unless one of the specified contingencies in Article IV occurred, Lawrence H. Mathias was the sole trustee and the sole beneficiary during his life. See Article IV, Trustee. Further, "Grantor," as trustee had unfettered discretion to distribute "such portion of the principal of the trust property" to himself as he deemed necessary. See Article I, Distribution During Grantor's Lifetime. Hence, "Grantor" had both legal and equitable title to the corpus.

The bedrock element of a valid expressed trust is the separate coexistence of the legal estate and the equitable estate. 91 O.Jur.3d, Trusts, §97; see citations. Where both the legal and equitable interests are in the same person, a merger is created rendering the attempted trust invalid and conferring a fee simple in the person holding both interests. *Id.*; 76 Am.Jur.2d, Trusts, §36; see also *Hill, supra*; *Colopy v. Wilson* (1989), 48 Ohio App.3d 148, ____ N.E.2d____.

In the case *sub judice*, the trial court found that Article I did create a merger of interests in Lawrence H. Mathias making the "declaration of trust" void *ab initio*.

### I

Appellant claims that despite the presence of a merger of interest in Article I, the remaining testamentary devise provisions of the instrument are not *a fortiori* invalidated. Hence, she claims the trial court erred in not severing and enforcing the testamentary distribution of the assets.

[W]here the owner of property purports to create a trust inter vivos but no interest passes to the beneficiary before the death of the settlor, the intended trust is testamentary in character and is invalid unless there is compliance with the statute relating to wills. 76 Am.Jur.2d, Trusts, §44.

Here, no interest passed during "Grantor's" lifetime. The merging of legal and equitable title in "Grantor" defeated the attempted trust and conferred a fee simple of the corpus in "Grantor." *Hill, supra,* at 27. See also R.C. 1335.01. The testamentary provisions are invalid for failure to comply with the statute of wills. See R.C. 2107 *et seq.*

Appellant's first assignment of error is overruled.

### II

The doctrine of severability does not save this trust.

Appellant's second assignment of error is overruled.

### III

Based on our reasoning in Assignment I, appellant's third assignment of error is overruled.

The judgment of the Tuscarawas County Common Pleas Court, Probate Division, is affirmed.

*Judgment affirmed.*

SMART, J. and
GWIN, J. Concur.

----

[1] The judgment:

It is therefore ORDERED as to the First Cause of Action of the Complaint that judgment be rendered in favor of the Plaintiff and the Trust instrument and its Addenda herein are hereby declared void and ineffective.

The Court having ruled thusly herein, the Second and Third Counts of the Complaint need no further declaration herein. As to the defenses and counter-claims of the

Defendant Fantine-Roberts herein, the Court's ruling herein is also dispositive in regard thereto.

The Motion for Summary Judgment in favor of Defendant Fantine-Roberts is hereby overruled inasmuch as the Court's ruling on Plaintiff's Motion for Summary Judgment dictates same.

The Plaintiff, as Administrator of the Estate of Lawrence H. Mathias, is directed to proceed with the administration of this Estate in accordance with the findings herein.

[2] "Reservation of a life interest to a trustor is not inconsistent with a sufficient present divestiture by him of his title to property to create a trust, or to make the disposition testamentary in character so that compliance with the statute of wills is necessary, although there is also a reservation to him of a power of revocation of the trust. But, the fact that all benefit to another is postponed until death is of weight as to the testamentary character of a disposition of property." 76 Am. Jur.2d, Trusts, §35. See also *Adam v. Fleck* (1961), 171 Ohio St. 451, 172 N.E.2d 126.