[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Farnsworth v. Burkhart,* Slip Opinion No. 2016-Ohio-5816.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-5816

FARNSWORTH ET AL., APPELLANTS, *v.* BURKHART ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Farnsworth v. Burkhart,* Slip Opinion No. 2016-Ohio-5816.]

*Court of appeals' judgment affirmed on the authority of* Corban v. Chesapeake Exploration, L.L.C., *and* Dodd v. Croskey.

(No. 2014-1909—Submitted August 31, 2016—Decided September 15, 2016.)

APPEAL from the Court of Appeals for Monroe County,

No. 13 MO 14, 2014-Ohio-4184.

_____

{¶ 1} The judgment of the court of appeals is affirmed on the authority of *Corban v. Chesapeake Exploration, L.L.C.*, ___ Ohio St.3d ___, 2016-Ohio-5796, ___ N.E.3d ___, and *Dodd v. Croskey*, 143 Ohio St.3d 293, 2015-Ohio-2362, 37 N.E.3d 147.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

O'NEILL, J., concurs in judgment only, with an opinion.

PFEIFER, J., dissents.

_____

**O'NEILL, J., concurring in judgment only.**

{¶ 2} I concur in judgment only. I would hold that the 1989 version of the Ohio Dormant Mineral Act, former R.C. 2301.56, Sub.S.B. No. 223, 142 Ohio Laws, Part I, 981, operated on a rolling look-back period. Consistent with my dissenting opinion in *Walker v. Shondrick-Nau*, ___ Ohio St.3d ___, 2016-Ohio-5793, ___ N.E.3d ___, I would also hold that the 1988 recorded deed at issue in this case that transferred the surface estate to Virgil and Theresa Farnsworth while indicating the reservation of the mineral interest held by Veronica Burkhart was a qualifying title transaction and therefore a saving event under the 1989 version of the Dormant Mineral Act. Thus, there was no abandonment of the mineral interest prior to the effective date of the 2006 version of the Dormant Mineral Act, 2006 Sub.H.B. No. 288. Accordingly, the mineral holders' 2012 claim to preserve that was filed after the Farnsworths filed a notice of abandonment under the 2006 Dormant Mineral Act was sufficient to prevent abandonment under the 2006 version of the law.

_____

Theisen Brock, L.P.A., James S. Huggins, Daniel P. Corcoran, and Kristopher O. Justice, for appellants.

Stubbins, Watson, & Bryan Co, L.P.A., Mark W. Stubbins, and Grant J. Stubbins, for appellees.

_____