[Cite as *McAuley v. Brooker*, 2017-Ohio-9222.]

STATE OF OHIO, NOBLE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| GUDRUN MCAULEY, | ) | CASE NO. 17 NO 0445 |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| DONALD L. BROOKER et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from the Court of Common Pleas of Noble County, Ohio Case No. 214-0146

JUDGMENT: Affirmed.

JUDGES:

Hon. Carol Ann Robb
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: December 18, 2017

[Cite as *McAuley v. Brooker*, 2017-Ohio-9222.]

APPEARANCES:

For Plaintiff-Appellant:

Atty. Daniel P. Corcoran
Atty. Kristopher O. Justice
Theisen Brock
424 Second Street
Marietta, Ohio 45750

For Defendants-Appellees:

Atty. Craig J. Wilson
C.J. Wilson Law, LLC
502 S. High St., Suite 200
Columbus, Ohio 43215

Atty. Thomas D. White
Atty. Matthew A. Kearney
White Law Office, Co.
209 N. Washington St.
Millersburg, Ohio 44654

Atty. J. Emens
Emens & Wolper Law Firm
One Easton Oval, Suite 550
Columbus, Ohio 43219

ROBB, P.J.

**{¶1}** Plaintiff-Appellant Gudrun Ann McAuley appeals the decision of Noble County Common Pleas Court granting summary judgment in favor of Defendants-Appellees Donald Brooker, Roger Gantz, Shirley Gantz, Sidney Karin, Jack Morris, and Catherine Morris. There are two issues raised in this appeal.

**{¶2}** The first issue is whether the reservation in the 1961 deed for oil, gas, and mineral interest owned by Cora retained the interest for Cora's heirs, or was that interest conveyed with the surface estate in 1961 to Appellant's predecessor in title?

**{¶3}** The second issue is whether the mineral interest was abandoned and vested under the 2006 Ohio Dormant Mineral Act. Specifically, Appellant contends the filing of a claim to preserve under R.C. 5301.56(H) does not prevent the conclusive presumption of abandonment under R.C. 5301.56(B).

**{¶4}** As to the first issue, we conclude Cora Atkinson's estate reserved the mineral interest. The argument raised in the second issue is the same argument raised and found meritless in *Bayes v. Sylvester*, 7th Dist. No. 13 MO 0020, 2017-Ohio-4033, ¶ 24-26. Thus, on the basis of that case, the second issue also has no merit. Accordingly, the trial court's grant of summary judgment is affirmed.

<u>Statement of the Facts and Case</u>

**{¶5}** Appellant acquired a tract of land in Jefferson Township, Noble County, Ohio in 1998.

**{¶6}** It is undisputed that a portion of the mineral estate underlying this property had been sold to George Rice in 1874; the 1874 deed stated Isaac and Hannah Atkinson sold a portion of the "petroleum, coal, rock or leanbon [?] oil and all minerals and volatile substances" to George Rice (Rice mineral interest). 1874 Deed.

**{¶7}** It is also undisputed that Isaac W. Atkinson owned the surface and any minerals that had not been sold to George Rice. In February 1937, Isaac W. Atkinson transferred the surface estate to his wife Cora Atkinson and he retained the mineral estate that had not previously been sold to Rice. The 1937 deed referenced

the 1874 mineral conveyance to Rice. The specific language used in the 1937 deed was:

> EXCEPT a certain conveyance by Isaac Atkinson and Hannah Atkinson to George Rice of about 37 acres, part of said section 8, for a description of said tract, reference is hereby had to records of Noble County, Ohio, of all the oil and mineral underlying said tract described in said conveyance above referred to. Said premises of 63 acres more or less, being parts of the same premised deeded to William L. Atkinson by Isaac Atkinson and his wife, Hannah Atkinson and Robert F. Lorckson [?]. RESERVING however from the operation of this deed the undivided interest of the oil, gas, coal and other minerals in and under this tract of land as heretofore described together with the right to operate and produce the same, except the Rice conveyance of 37 acres, hereinbefore set out.

1937 Deed.

{¶8}  It is undisputed Isaac W. Atkinson died intestate in 1959 and Cora Atkinson inherited his mineral interest under Ohio's laws of intestate succession. Cora Atkinson died in 1960. Her will devised an equal 1/3 interest to Margaret Morris, Donald L. Booker, and Smith Ballentine. Appellees are the devisees and/or heirs of the devisees.

{¶9}  In 1961, Cora Atkinson's estate, through the executor L.C. Young, sold the real property to Delmar G. Lewis and Betty M. Lewis, Appellant's predecessors in title. The 1961 deed contains the following language:

> RESERVING from the operation of this deed the undivided interest in the oil, gas, coal and other minerals underlying said premises and reserved in a deed from Isaac Atkinson and Hannah Atkinson to George Rice and further reserved in a deed from Isaac W. Atkinson to Cora Atkinson, in Volume 89 at Page 576, Deed Record of Noble County, Ohio.

1961 Executor's Deed.

**{¶10}** Appellant attempted to serve a notice of abandonment on Appellee Donald L. Booker by certified mail on October 16, 2013. After certified mail failed, a notice of abandonment was published on October 28, 2013 in a newspaper of general circulation in Noble County. The published notice was directed to the heirs and assigns of Cora Atkinson. On December 17, 2013 Appellant filed an "Affidavit of Abandonment" in the Noble County Recorder's Office. A notice of preservation was filed by Appellee Sidney Karin on December 20, 2013 preserving Appellees alleged interest.

**{¶11}** In September 2014, Appellant filed a complaint for quiet title in Noble County Common Pleas Court. Appellant sought to have the minerals underlying her property deemed abandoned and reunited with the surface. Appellees, along with others, were listed as defendants to this action.

**{¶12}** Following discovery, the parties filed their respective summary judgment motions. 11/15/16 Defendants' Motion for Summary Judgment; 12/16/16 Plaintiff's Motion for Summary Judgment. Appellees argued the 1961 reservation reserved the Atkinson mineral interest (the mineral interest Cora inherited from Isaac W. Atkinson). They further argued the notice of preservation preserved their interest. Appellant argued the 1961 reservation did not reserve the Atkinson mineral interest, but rather was a notification of the Rice mineral interest that was conveyed to Rice in the 1874 deed and restated in the 1937 deed. She alternatively argued the notice of preservation did not preserve the interest, because the filing of a claim to preserve under R.C. 5301.56(H) does not prevent the conclusive presumption of abandonment under R.C. 5301.56(B).

**{¶13}** The trial court granted Appellees' summary judgment motion and denied Appellant's summary judgment motion. 2/22/17 J.E. The trial court stated the Atkinson mineral interest was reserved by Cora's estate under the 1961 deed. It further held the notice to preserve preserved the mineral interests.

**{¶14}** Appellant timely appealed the trial court's decision.

<u>Assignment of Error</u>

"The trial court erred in granting Defendants-Appellees' motion for summary judgment and denying Appellant's motion for summary judgment."

**{¶15}** An appellate court reviews the granting of summary judgment de novo; we apply the same test as the trial court. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. A trial court may grant summary judgment only when (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. Civ.R. 56(C).

**{¶16}** This assignment of error is divided into two parts. The first addresses the 1961 deed language. The second addresses the 2006 ODMA and whether the filing of a claim to preserve under R.C. 5301.56(H) prevents the conclusive presumption of abandonment under R.C. 5301.56(B).

1961 Deed

**{¶17}** In the case of contracts, deeds, or other written instruments, the construction of the writing is a matter of law, which is reviewed de novo. *Long Beach Assn., Inc. v. Jones*, 82 Ohio St.3d 574, 576, 697 N.E.2d 208 (1998). Under a de novo review, an appellate court may interpret the language of the contract substituting its interpretation for that of the trial court. *Witte v. Protek Ltd.*, 5th Dist. No. 2009CA00230, 2010-Ohio-1193, ¶ 6, citing *Children's Medical Center v. Ward*, 87 Ohio App.3d 504, 622 N.E.2d 692 (2d Dist.1993).

**{¶18}** Written instruments "are to be interpreted so as to carry out the intent of the parties, as that intent is evidenced by the contractual language." *Skivolocki v. East Ohio Gas Co.*, 38 Ohio St.2d 244, 313 N.E.2d 374 (1974), paragraph one of the syllabus. "The principles of deed construction dictate that a court presumes that a deed expresses the intentions of the grantor and grantee at the time of execution. * * * A court cannot interpret the parties' intent in a manner contrary to the clear, unambiguous language of the deed." *American Energy Corp. v. Datkuliak*, 174 Oho App.3d 398, 2007–Ohio–7199, ¶ 50. If the terms of the written instrument are clear and unambiguous, courts must give the words their plain and ordinary meaning and may not create a new contract by finding the parties intended something not set out

in the contract. *Alexander v. Buckeye Pipe Line*, 53 Ohio St.2d 241, 246, 374 N.E.2d 146 (1978).

**{¶19}** However, when the plain language of the written instruments is ambiguous, then a court can look to parol evidence to resolve the ambiguity and ascertain the parties' intent. *Illinois Controls, Inc. v. Langham*, 70 Ohio St.3d 512, 521, 639 N.E.2d 771 (1994); *City of Steubenville v. Jefferson Cty.*, 7th Dist. No. 07JE51, 2008-Ohio-5053, ¶ 22. This is a primary rule of contract construction. *Envision Waste Services, LLC v. Cty. of Medina*, 9th Dist. Nos. 15CA0104-M and 15CA0105-M, 2017-Ohio-351, ¶ 15, quoting *Michael A. Gerard, Inc. v. Haffke*, 8th Dist. No. 98488, 2013-Ohio-168, ¶ 14.

**{¶20}** Terms in a contract are ambiguous if their meaning cannot be determined from reading the entire contract, or if they are reasonably susceptible to multiple interpretations. *First Natl. Bank of Pennsylvania v. Nader*, 9th Dist. No. 16CA0004-M, 2017-Ohio-1482, ¶ 25. Parol evidence is used only to interpret the terms, and not to contradict the terms. *Id.*, citing *Blosser v. Enderlin*, 113 Ohio St. 121, 134, 148 N.E. 393 (1925). "The decision as to whether a contract is ambiguous and thus requires extrinsic evidence to ascertain its meaning is one of law." *Nader*, quoting *Ohio Historical Soc. v. Gen. Maintenance and Eng. Co.*, 65 Ohio App.3d 139, 146, 583 N.E.2d 340 (10th Dist.1989).

**{¶21}** If parol evidence fails to clarify the meaning of the contract, then the secondary rule of contract construction can be used to determine the party's intent. *Envision Waste Services.* The secondary rule requires ambiguities to be construed against the drafter. *Cadle v. D'Amico,* 2016-Ohio-4747, 66 N.E.3d 1184, ¶ 33 (7th Dist.) (Construing a contract against the drafter is a secondary rule of contract construction, and is applicable when the primary rules of contract construction fail to clarify the meaning of the contract.). "Where that ambiguity is coupled with a material issue of fact supported by proper evidentiary materials, summary judgment is improper." *Envision Waste Services,* quoting *Town & Country Co–op, Inc. v. Sabol Farms, Inc.*, 9th Dist. No. 11CA0014, 2012-Ohio-4874, ¶ 15.

**{¶22}** Thus, our analysis begins with the plain language of the 1961 deed. This deed states:

> RESERVING from the operation of this deed the undivided interest in the oil, gas, coal and other minerals underlying said premises and reserved in a deed from Isaac Atkinson and Hannah Atkinson to George Rice and further reserved in a deed from Isaac W. Atkinson to Cora Atkinson, in Volume 89 at Page 576, Deed Record of Noble County, Ohio.

1961 Executor's Deed.

**{¶23}** Appellant contends the clear language of this clause notified the purchasers of the 1874 Rice mineral interest, but it did not reserve the Atkinson mineral interest. She acknowledges the clause refers to two deeds, the 1874 deed where Isaac and Hannah Atkinson conveyed the mineral interest to George Rice and the 1937 deed between Isaac W. Atkinson and Cora Atkinson. She argues the language used in the clause refers to one singular interest – the Rice mineral interest. Her argument is based on the words "the interest"; "interest" is used in the singular and "the" is a word of limitation as opposed to "a" or "an," which are indefinite or generalizing. She also contends when the clause states "and further reserved" in reference to the 1937 deed (where Isaac W. Atkinson reserved the minerals and sold the surface to his wife Cora) the clause was only further referring to the Rice mineral interest. It was not creating or identifying an additional reservation. Therefore, according to her, the estate did not retain Cora's mineral interest; the 1961 deed conveyed all of Cora's interest, which was the surface estate that she acquired in 1937 and the mineral interest she acquired from Isaac W. Atkinson when he died in 1959 without a will.

**{¶24}** Appellant also cites the doctrine of merger. She contends when Cora inherited Isaac's mineral estate through intestate succession, the surface and mineral estate merged. Appellant insinuates if Cora or her estate wanted to reserve the

minerals, they were required to make a separate reservation and not rely on Isaac's reservation because those estates merged.

**{¶25}** Appellees argue the plain language of the 1961 deed reserved the Atkinson mineral interest. Appellees argue the clause has two sections. The first section is the general reservation – "RESERVING from the operation of this deed the undivided interest in the oil, gas, coal and other minerals underlying said premises." Appellees contend this section indicated all the oil, gas, and minerals underlying the premises were excepted and reserved from the conveyance. The second section is the supplemental language describing what the general reservation encompassed – "reserved in a deed from Isaac Atkinson and Hannah Atkinson to George Rice and further reserved in a deed from Isaac W. Atkinson to Cora Atkinson, in Volume 89 at Page 576, Deed Record of Noble County, Ohio." Thus, according to Appellees the reservation is composed of the 1874 Rice mineral interest and the 1937 Atkinson mineral interest.

**{¶26}** Appellees contend their reading of the clause is correct for two reasons. First, it gives meaning to the first part of the clause; reading the clause to mean only the Rice mineral interest was reserved does not give meaning to the language "RESERVING from the operation of this deed the undivided interest in the oil, gas, coal and other minerals underlying said premises." Second, reading the clause in the manner proposed by Appellant would give no meaning to the reference to the 1937 deed.

**{¶27}** In response to Appellant's merger argument, Appellees contend when Cora inherited the mineral estate from Isaac W. Atkinson, the surface and the mineral estate did not merge. They assert the clear language of the 1961 deed indicates there was no intention for the estates to merge.

**{¶28}** The trial court found the Atkinson mineral interest was reserved by Cora's estate in the 1961 deed. As stated above, we review the clause de novo and thus, we do not give deference to the trial court's interpretation.

**{¶29}** The clause in the 1961 deed states:

RESERVING from the operation of this deed the undivided interest in the oil, gas, coal and other minerals underlying said premises and reserved in a deed from Isaac Atkinson and Hannah Atkinson to George Rice and further reserved in a deed from Isaac W. Atkinson to Cora Atkinson, in Volume 89 at Page 576, Deed Record of Noble County, Ohio.

1961 Executor's Deed.

**{¶30}** This clause can be divided into three parts. The first part is a reference to the entire mineral estate. The language following the first part modifies it and defines what the mineral estate encompasses. These two modifiers are descriptions of two separate mineral severances that make up the entire mineral estate.

**{¶31}** The first part of the clause states, "RESERVING from the operation of this deed the undivided interest in the oil, gas, coal and other minerals underlying said premises." This is a reference to the entire mineral estate underlying the surface. The plain language of this phrase indicates this deed is not conveying any mineral interest.

**{¶32}** This language is nearly identical to the language used in the 1937 deed from Isaac W. Atkinson to Cora. As aforementioned, in 1937 Isaac W. Atkinson conveyed the surface to Cora and excepted the minerals for himself. The 1937 deed provided notice of the 1874 Atkinson to Rice mineral conveyance; the language of the deed "excepted" the Rice mineral interest from the conveyance. Following that exception, the deed stated, "RESERVING however from the operation of this deed the undivided interest of the oil, gas, coal and other minerals in and under this tract of land as heretofore described together with the right to operate and produce the same, except the Rice conveyance of 37 acres, hereinbefore set out." This language undisputedly reserved the remaining mineral interest, the Atkinson mineral interest, and provided notice of the Rice mineral interest. In other words, the deed conveyed no mineral interest. Use of this same language in the 1961 deed is an indication that no mineral interest was being conveyed.

{¶33} The second part of the clause is "and reserved in a deed from Isaac Atkinson and Hannah Atkinson to George Rice." The deed referred to in this clause is the 1874 deed. In 1874 Isaac Atkinson and Hannah Atkinson sold George Rice all the minerals underlying a defined 37 acres. Thus, the 1874 conveyance was a mineral conveyance and the 1874 deed was a mineral deed. In that mineral deed, Isaac and Hannah did not reserve any minerals to the 37 acres described in the deed. Also, George Rice did not reserve any minerals, rather he purchased them. Thus, the use of the word "reserved" in this clause is inaccurate because neither Isaac and Hannah nor George reserved minerals underlying the 37 acres in the 1874 deed. Therefore, either this clause means nothing because it is an inaccurate description of what transpired in 1874, or it is an inartfully worded notice of the Rice mineral interest that George Rice purchased in 1874 and that was memorialized in the 1874 mineral deed. Regardless, no one disputes the existence of the Rice mineral interest.

{¶34} The third part of the clause is, "and further reserved in a deed from Isaac W. Atkinson to Cora Atkinson, in Volume 89 at Page 576, Deed Record of Noble County, Ohio." The deed referenced is the 1937 deed. Appellant argues the language "and further reserved" means this is a further reference to the Rice mineral interest and is not a reference and reservation of the Atkinson mineral interest. We disagree. This phrase cannot be a mere reference to the Rice mineral interest because, in simple terms, the 1937 deed had nothing to do with George Rice and his mineral interest. Nothing in the 1937 transaction affected or could have affected the Rice mineral interest because the interest was already established in 1874 and George Rice was a stranger to the 1937 surface conveyance to Cora and mineral reservation by Isaac W. Atkinson. Thus, the Rice mineral interest was not "further" reserved in the 1937 deed; it was not "further" anything in that deed. The only reservation that occurred in the 1937 deed was Isaac's reservation of his mineral interest underlying the premises, which is the Atkinson mineral interest. Thus, the use of the word "further" cannot be a reference to the Rice mineral interest. It is,

however, a reference to the Atkinson mineral reservation, which was created by that 1937 deed.

**{¶35}** Therefore, when the clause is read as a whole it indicates all the minerals underlying the property are excluded from the operation of the 1961 deed with those mineral interests composed of the Rice mineral interest and the Atkinson mineral interest; the reference to the 1874 deed is notice of the Rice mineral deed, and the reference to the 1937 deed is the Atkinson mineral reservation and notice of the prior Rice mineral interest. The language used also indicates Cora's estate is reserving any minerals Cora owned at the time of her death, which undisputedly are the Atkinson mineral interest, and any minerals not reserved or previously conveyed.

**{¶36}** Appellant argues the doctrine of merger applies and thus, when she inherited the minerals from Isaac W. Atkinson through intestate succession, the surface estate and the mineral estate merger. Therefore, in order for Cora's estate to reserve the Atkinson mineral interest the estate was required to make a separate reservation and not rely on Isaac W. Atkinson's reservation.

**{¶37}** Recently, we have explained the doctrine of merger:

Pursuant to the doctrine of merger, a lesser estate will be absorbed into a greater estate when they meet and coincide in the same person. *Gallucci v. Freshour*, 4th Dist. No. 96CA18, 1997 WL 548730, *3 (Sept. 8, 1997). To constitute a merger, the two estates must be in one and the same person, at one and the same time, and in one and the same right. *Colopy v. Wilson*, 48 Ohio App.3d 148, 149, 548 N.E.2d 1322 (5th Dist.1989), citing 41 Ohio Jurisprudence 3d (1983) 547, Estates, Powers, and Restraints on Alienation, Section 135. The question of whether there will be a merger of a lesser and greater estate under circumstances which might permit a merger is a matter of intention and substantial justice. *Id*. at 150.

*Headley v. Ackerman*, 7th Dist. No. 16 MO 10, 2017-Ohio-8030, ¶ 32 (holding merger was applicable).

**{¶38}** Appellant's argument fails because either the doctrine of merger is irrelevant, or the 1961 deed demonstrates there was no intent to merge the surface and mineral estates. As was stated above, the language of the reservation clause indicates all minerals are excluded from the operation of the deed and the estate was reserving any minerals Cora owned and any minerals not reserved or previously conveyed. Thus, the plain language of the document shows intent to reserve the minerals regardless of merger.

**{¶39}** The language of the reservation clause additionally demonstrates a clear intent for the estates to remain severed. As previously explained, Isaac W. Atkinson originally owned the surface and unconveyed minerals as one estate. In 1937, Isaac W. Atkinson severed the remaining mineral estate from the surface, retained this remaining mineral estate, and conveyed the surface estate to his wife Cora. When he died in October 1959, the mineral estate passed through intestate succession to Cora. Cora died in November 1960. Prior to Cora and Isaac's deaths, the estate remained separate for over 20 years; the record contains no indication the parties reunited the estates. Cora and Isaac died within 13 months of each other. The only document in the record to show Cora's intent regarding the estates is the 1961 deed. The 1961 deed in the first part of the reservation clause uses the same language used in the 1937 deed, and the 1961 deed in the third part of the reservation clause specifically refers to the reservation in the 1937 deed. As explained above the only reservation in the 1937 deed was Isaac W. Atkinson reserving the unconveyed mineral interest - the Atkinson mineral interest. Therefore, the language used in the 1961 deed, specifically mimicking the language of the 1937 deed and referencing the 1937 deed, shows intent for the surface and mineral estates to remain separate.

**{¶40}** Consequently, for the above stated reasons we conclude the clear and unambiguous language in the 1961 deed indicates intent for Cora's estate to reserve the Atkinson mineral interest. The 1961 conveyance was only for the surface; the Atkinson mineral interest was excluded from the conveyance.

B. 2006 ODMA

**{¶41}** The record undisputedly indicates the following. In 2013 Appellant published a notice of abandonment in accordance with the 2006 ODMA. Appellant also filed an affidavit of abandonment in the Noble County Recorder's Office on December 13, 2013. Appellees filed a notice of preservation of mineral interest in accordance with R.C. 5301.56(H)(1) on December 20, 2013.

**{¶42}** Appellant agrees the notice to preserve prevented the Atkinson mineral interest from being abandoned under R.C. 5301.56(H)(2). However, she contends the Atkinson mineral interest is subject to a conclusive presumption of abandonment under R.C. 5301.56(B). According to her, a claim to preserve under division (H)(1) is not a savings event under division (B).

**{¶43}** This same argument was presented to this court in *Bayes*. *Bayes v. Sylvester*, 7th Dist. No. 13 MO 0020, 2017-Ohio-4033. In *Bayes*, we explained the determination of whether the claim to preserve the minerals was governed by the Ohio Supreme Court's decision in *Dodd v. Croskey* and we set forth the holdings made by the *Dodd* Court. *Bayes*, 2017-Ohio-4033 at ¶ 18-25, citing *Dodd v. Croskey*, 143 Ohio St.3d 293, 2015-Ohio-2362, 37 N.E.3d 147. We then acknowledged the argument presented was the same argument presented and rejected by the Ohio Supreme Court in a motion to reconsider its decision in *Farnsworth v. Burkhart*, 150 Ohio St.3d 345, 2016-Ohio-5816, 81 N.E.3d 1223:

> In a motion for reconsideration to the Ohio Supreme Court, the Farnsworth appellants made the identical arguments appellants now make to this court. Specifically, the Farnsworth appellants argued that a claim to preserve filed pursuant to R.C. 5301.56(H)(1)(a) is not an occurrence under R.C. 5301.56(B) that prevents an abandonment because such a claim must be filed within the 20 years preceding the notice of abandonment. See Motion for Reconsideration of Appellants, Virgil Farnsworth and Theresa Farnsworth. The Ohio Supreme Court denied the motion for reconsideration. *Farnsworth v. Burkhart*, 147 Ohio St.3d 1439, 2016–Ohio–7677, 63 N.E.3d 157.

This case is controlled by the Ohio Supreme Court's decision in *Dodd*. Here, appellants published a notice of abandonment on February 2, 2012. Thus, appellees had 60 days from that date to file either an affidavit or a claim of preservation. They timely filed a claim of preservation on March 23, 2012. By filing the claim of preservation within 60 days of publication of notice, appellees halted the abandonment process instituted by appellants. Thus, the trial court properly granted summary judgment in appellees' favor and found that appellees own the Royalty Interest at issue.

*Id.* at ¶ 24-25.

**{¶44}** On the basis of that decision, Appellant's argument fails. Appellees preserved their minerals within 60 days of the published notice of abandonment; the notice was published on October 28, 2013 and the preservation of mineral interest was filed on December 20, 2013.

**{¶45}** For those reasons, Appellant's argument regarding the 2006 ODMA lacks merit.

### Conclusion

**{¶46}** For the foregoing reasons, we hold the clause at issue is unambiguous and excluded the mineral interest from the conveyance. Accordingly, there is no merit with the first argument presented. On the basis of *Bayes* and *Dodd*, the second argument also lacks merit. The trial court's grant of summary judgment for Appellees is hereby affirmed.

Waite, J., dissents; see dissenting opinion.

DeGenaro, J., concurs.

Waite, J., dissenting opinion.

**{¶47}** I join in the majority's opinion that Appellees preserved their interests pursuant to the 2006 DMA, however, I cannot agree with the majority's holding that the 1961 deed adequately reserved Atkinson's interest in the minerals and must dissent for the following reasons.

**{¶48}** In relevant part, the reservation clause at issue in this appeal states:

**{¶49}** RESERVING from the operation of this deed the undivided interest in the oil, gas, coal and other minerals underlying said premises and reserved in a deed from Isaac Atkinson and Hannah Atkinson to George Rice and further reserved in a deed from Isaac W. Atkinson to Cora Atkinson, in Volume 89 at Page 576, Deed Record of Noble County, Ohio.

(1961 Executor's Deed.)

**{¶50}** The majority opinion divides this clause into three parts: (1) the reference to the entire mineral estate; (2) reference to the Rice interest; and (3) reference to the Atkinson interest. However, a plain reading of the clause reveals only two parts: the reference to the entire mineral estate and the reference to the Rice interest.

**{¶51}** "A court must read words and phrases in context and construe them in accordance with rules of grammar and common usage." *Steiner v. Morrison*, 7th Dist. No. 14 MA 0114, 2016-Ohio-4798, 68 N.E.3d 151, citing *W. Jefferson v. Cammelleri*, 12th Dist. No. CA2014-04-012, 2015-Ohio-2463, ¶ 14; *State ex rel. Choices for S.W. City Schools v. Anthony*, 108 Ohio St.3d 1, 2005-Ohio-5362, 840

N.E.2d 582, ¶ 40. "According to ordinary grammar rules, items in a series are normally separated by commas." *Steiner* at ¶ 22*,* citing *W. Jefferson* at ¶ 15; *Chicago Manual of Style* 312 (16th Ed.2010). When phrases are separated by a comma, the words within the commas are one item. *Id.*

**{¶52}** Here, there is no comma separating the Rice reference from the supposed Atkinson reference. Reading the clause in accordance with the rules of grammar and common usage, the lack of a comma indicates that the clause is referring to one interest, the Rice interest, which can be found not only within the deed from the Atkinsons to Rice but also in the deed from Isaac W. Atkinson to Cora Atkinson. There is one reservation contained in two sources. This is plain and unambiguous based on both the language used within the clause and the lack of punctuation.

**{¶53}** For this reason, I dissent from the majority Opinion and I would reverse the judgment of the trial court.