# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MONROE COUNTY

AUGUST SCARPELLI et al.,

Plaintiffs-Appellants,

v.

EDWARD YOUNG et al.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 MO 0009**

---

Civil Appeal from the
Court of Common Pleas of Monroe County, Ohio
Case No. 2013-419

**BEFORE:**
Carol Ann Robb, Gene Donofrio, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Daniel P. Corcoran*, Theisen Brock, a legal professional association, 424 Second Street, Marietta, Ohio 45750, for Plaintiffs-Appellants and

*No Brief Filed* for Defendants-Appellees.

Dated: November 18, 2019

**Robb, J.**

{¶1} Plaintiffs-Appellants August Scarpelli, Gary D. Skorepa, Andrew D. Fabris, David L. Mount, Michael D. Mayell, William E. Chapman, Richard A. Gareau, Robert W. Gareau, and Pete Ragone appeal the decision of Monroe County Common Pleas Court denying its motion for default judgment against Defendants-Appellees Michael William Young, Kimberly Rush (nka Kimberly Presti), Matthew Duning, Shirley A. Jackson, Jack King, Lois Chamberlain, Connie S. Gause, Samantha F. Shepherd, and Thomas F. Shepherd. The issue in this appeal is whether the trial court abused its discretion in denying the motion for default against Appellees. Appellees did not file an appellate brief. For the reasons expressed below, the trial court's judgment is affirmed.

Statement of the Case

{¶2} Appellants currently owns 81.348 acres in Summit Township, Monroe County, Ohio. In 1941, Edward Young, Mamie Young, Oscar Young, Ida Taylor, Charles Young, Clara Young, Frank Young, Lucy Young, George Young, Freeda Young, Harold Young, Edna Young, and Cora Young excepted and reserved 1/2 oil and gas interest underlying that property.

{¶3} In an attempt to reunite the minerals with the surface, in October 2013, Appellants filed a complaint against the mineral holders, their heirs and assigns; the action sought a declaration that the minerals were abandoned under both the 1989 and 2006 Dormant Mineral Acts and asked for title to be quieted. 10/28/13 Complaint; 9/23/14 First Amended Complaint.

{¶4} The defendants named in the complaint and first amended complaint and added later as necessary parties were Edward Young, Mamie Young, Harold Young, Elmer Young, Cora Young, Oscar Young, Ida L. Taylor, Frank Young, Lucy Young, Freeda Young, Charles Young, Clara Young, Imogene Paulus, Albert Paulus, Elva M. Smith, Joyce Blowers, Wayne Blowers, Greg A. Blowers, Janet L. Blowers, Mark W. Blowers, Sarah A. Blowers, Iris J. Hartshorn, Phillip C. Hartshorn, Richard Caivano, Virginia Caivano, Mark L. Dougherty, Carol A. Dougherty, Michael W. Young, Nancy Young, Melissa Pratt, Samantha Shepard, Kenneth E. Young, Beulah M. Young, Lillian King, Evelyn Riemenschneider, Richard L. Riemenschneider, Paul Young, Sr., Margaret

E. Young, Donald L. Young, Janet Sue Martinka, Juanita Stalder, Eleanor Young, David Heath, Michael Young, Kimberly Rush, Terri Young, Glen Stalder, Sr., Glen Stalder, Jr., Cindy Jamison, Connie Frye, David Stalder, Nelson Stalder, Sandy Stalder-Frey, Bonnie Decker Young, Brent Young, Chad Young, Christopher Young, Kenneth King, Jack King, Marjorie Duning, Shirley A. Jackson, Barbara Traylor Young, Judith Ann Young, Dennis Paulus, Doris Webber, Renata Bachelor, Mavis Jean Young, Joy O. Bush, Thomas Young, Todd Young, Kay Baxter, Louis J. Duning, Connie Gause, Tom Shepard, Mark Martinka, Matthew Duning, Billy Joel Jackson, First Church of Christ, Michael Paulus, Marcia Coffey, Mark Paulus, Lois Chamberlain, Beverly Betz, Richard Baker, Gary Baker, Michael Shepherd, Linda Tacosik, Barbara Young as trustee of Young Family Trust, and Antero Resources Corp. 10/28/13 Complaint; 9/23/14 First Amended Complaint; 11/27/17 Join Necessary Parties.

**{¶5}** In the complaint and amended complaint, Appellants admit the defendants are the heirs or assigns of original mineral holders. 10/28/13 Complaint; 9/23/14 First Amended Complaint. The complaint and amended complaint indicate Appellants filed a Notice of Abandonment on January 26, 2012. 10/28/13 Complaint; 9/23/14 First Amended Complaint. Two notices to preserve were filed by various defendants on February 27, 2012 and March 19, 2012. 10/28/13 Complaint; 9/23/14 First Amended Complaint. Defendants Iris J. Hartshorn, Virginia Caivano, Carol A. Dougherty, Michael W. Young filed a notice to preserve February 27, 2012 (Hartshorn Claim to Preserve). Defendants Greg A. Blowers, Janet L. Blowers, Mark W. Blowers, and Sarah A. Blowers filed a notice to preserve on March 19, 2012 (Blowers' Claim to Preserve). The complaint also listed numerous oil and gas leases Defendant Antero Resources had entered into with other defendants in 2012 and 2013. 10/28/13 Complaint; 9/23/14 First Amended Complaint.

**{¶6}** The only defendants at issue in this appeal are Michael W. Young, Kimberly Rush (nka Kimberly Presti), Matthew Duning, Shirely A. Jackson, Jack King, Lois Chamberlain, Connie S. Gause, Samantha F. Shepherd, and Thomas F. Shepherd. These defendants allegedly did not answer or otherwise defend the complaint. Appellants admit Michael W. Young and Kimberly Rush (nka Kimberly Presti) did make an appearance by requesting an extension to file an answer. However, they assert Michael W. Young and Kimberly Rush never filed an answer.

Case No. 19 MO 0009

{¶7} The remaining defendants (collectively referred to as Answering Defendants) did file answers and each asserted the claims to preserve all holders' interest, the 2006 DMA was applicable, and the minerals were not abandoned. 11/25/13 Doris Webber Answer; 12/2/13 Antero Resources Answer; 12/20/13 Answer of Glen Stalder, Sr., Glen Stalder, Jr., Janet Martinka, Eleanor Young, Cindy Jamison, Michael Young, Connie Frye, David Stalder, Nelson Stalder, Terri Young, Brent and Bonnie Young, Chad Young, Mavis Young, and Joy Young; 12/30/13 Answer of Iris Hartshorn, Phillip Hartshorn, Carole and Mark Dougherty, Virginia and Ricardo Caivano; 1/2/14 Answer of Mark and Janet Blowers, Greg Blowers, Wayne Blowers, and Sarah Blowers; 4/15/14 Answer of David Heath and Sandy Frey; 9/25/14 Answer of Glen Stalder, Sr., Glen Stalder, Jr., Janet Martinka, Mark Martinka, Eleanor Young, Cindy Jamison, Michael Young, David Heath, Sandy Stalder Fey, Connie Frye, David Stalder, Nelson Stalder, Terri Young, Brent and Bonnie Young, Chad Young, Mavis Young, Joy Young, Iris Harshorn, Phillip Hartshorn, Carol Dougherty, Mark Dougherty, Virginia Caivano and Ricardo Caivano to First Amended Complaint; 10/7/14 Antero Resources Answer and Affirmative defenses to First Amended Complaint; 3/6/15 Blowers Answer instanter to First Amended Complaint; 1/3/18 Answer of First Church of Christ, Michael Paulus, Marci Coffey and Mark Paulus; 1/29/18 Answer of Richard Baker, Gary Baker and Beverly Betz.

{¶8} On January 27, 2014 Appellants filed their first Motion for Partial Default Judgment against Appellees.

{¶9} In response to the first motion for partial default judgment some of the Answering Defendants filed a motion in opposition to default judgment and a motion for summary judgment. 2/4/14 Motion for Summary Judgment and Motion in Opposition to Motion for Default Judgment. These Answering Defendants asserted the preservation notices preserved the rights of all holders and therefore they were entitled to judgment in their favor and as such, there was no basis for entering a default judgment to the holders who had not answered.

{¶10} Appellants filed a reply to the motions. 2/14/14 Reply to Motion in Opposition to Default Judgment and Motion in Opposition to Summary Judgment. They asserted that by failing to answer, those parties were admitting the averments in the complaint which were that the minerals were abandoned. Thus, they asserted they were

entitled to a default judgment against Appellees.  As to summary judgment, they argued the claims to preserve did not preserve the interest under R.C. 5301.56(B)(3).

**{¶11}**  The Answering Defendants filed a reply asserting the notice to preserve did comply with R.C. 5301.56 because it was filed within 60 days of publication of the notice of abandonment.  They asserted a preservation for one holder is a preservation for all under R.C. 5301.56(C) and thus all defendants' interests were protected.  2/24/14 Reply brief.

**{¶12}**  Following those motions, the matter was stayed pending the Ohio Supreme Court's decision in *Corban*, *Walker*, and *Eisenbarth*.  9/21/15 J.E.  At that time the Ohio Supreme Court had accepted numerous Dormant Mineral Act (DMA) cases and was asked to determine if the 1989 DMA was applicable to cases filed after the enactment of the 2006 DMA.  The stay was lifted after the Ohio Supreme Court decided *Corban*, *Walker*, and *Eisenbarth*.  9/19/17 J.E. lifting stay.

**{¶13}**  Appellants then filed a Second Motion for Default Judgment and a First Amended Second Motion for Default Judgment.  6/29/18 Second Motion for Default Judgment; 7/9/18 First Amended Second Motion for Default Judgment.  They asserted they were entitled to a default judgment against Kimberly Rush (nka Kimberly Presti), Michael W. Young[1], Matthew Duning, Connie Guase, Tom Shepard, Shirley Jackson, Samantha Shepherd, Jack King, and Louis Chamberlain.  In the motions, they acknowledged that Michael W. Young and Kimberly Rush had filed notice of appearances, but had not filed any other responsive pleadings.

**{¶14}**  Answering Defendants responded to the motions for default judgment asserting the claims to preserve preserved all defendant holders' interests including nonresponding defendant holders. 7/9/18 Defendants Response in Opposition to Second Motion for Default Judgment.  Defendant Antero Resources further added a trial court is not required to enter default judgment where the face of the complaint does not state a claim upon which relief may be granted.  7/13/18 Antero Resources Memo in Response to Motion for Default Judgment and Summary Judgment.

---

[1]There are two Michael Youngs in this case.  Michael Young filed an answer and affirmative defense on December 30, 2013 and September 25, 2014.  It appears the other Michael Young is Michael W. Young and he did not file an answer.

Case No. 19 MO 0009

**{¶15}** On December 20, 2018, the trial court granted partial default judgment to Appellants. The trial court reasoned that the defaulting defendants failed to plead or otherwise defend and therefore, the allegations in the complaint are confessed as true. 12/20/18 J.E. The interests of the defaulting defendants were deemed abandoned and vested in Appellants. 12/20/18 J.E. This judgment entry did not contain "no just reason for delay" language, and the summary judgment motions filed by Answering Defendants were not addressed in the entry. 12/20/18 J.E.

**{¶16}** Also, after the stay was lifted, the Answering Defendants filed more motions for summary judgment stating that pursuant to the Ohio Supreme Court decisions the 2006 DMA is applicable, and the claims to preserve were filed and those claims preserved the interests for all holders. Appellants also filed a Motion for Summary Judgment asserting the claims to preserve did not preserve the minerals under R.C. 5301.56(B). Answering Defendants then filed a motion in opposition and reply in support of their own motions for summary judgment.

**{¶17}** The trial court granted summary judgment for every defendant. 2/25/19 J.E. The trial court found the timely Blowers and Hartshorn Claims to Preserve prevented abandonment; "The Young Interest has not been abandoned by operation of the 1989 or 2006 versions of the Ohio Dormant Mineral Act." 2/25/19 J.E. The trial court then dismissed the first and second claims of the complaint, which pertained to the DMA claims. 2/25/19 J.E. The court then stated, the motions for default judgment are denied as moot. 2/25/19 J.E. In entering this judgment, the court indicated Appellant's First Amended Second Motion for Default Judgment was before the court. 2/25/19 J.E.

**{¶18}** Appellants timely appealed that decision solely as it relates to the resolution of the motions for default judgment. Appellants contend the trial court should have determined that a default judgment was warranted against Appellees Michael W. Young, Kimberly Rush (nka Kimberly Presti), Matthew Duning, Shirely A. Jackson, Jack King, Lois Chamberlain, Connie S. Gause, Samantha F. Shepherd, and Thomas F. Shepherd, who all failed to appear or otherwise defend. Appellants do not appeal the trial court's decision to grant summary judgment to all other defendants.

<u>Assignment of Error</u>

"The trial court erred in denying Plaintiffs-Appellants' Motions for Default Judgment."

**{¶19}** Appellants argue Appellees Michael W. Young, Kimberly Rush (nka Kimberly Presti), Matthew Duning, Shirley A. Jackson, Jack King, Lois Chamberlain, Connie S. Gause, Samantha F. Shepherd, and Thomas F. Shepherd failed to appear or otherwise defend and thus, Appellants are entitled to default judgment against those Appellees. Appellants contend the complaint sought a declaration of abandonment and by failing to answer Appellees admitted they abandoned the minerals. Appellees knew the failure to appear meant judgment by default could be entered against them. Appellants assert the trial court was correct in its initially granting of default judgment against Appellees and argue there is no sound reasoning to support its reversal of that decision.

**{¶20}** At the outset, it is noted the trial court's December 20, 2018 Partial Default Entry was not a final order. The summary judgment motions of the Answering Defendants were still pending before the court and there was no Civ.R. 54(B) "no just reason for delay" language in the judgment entry granting partial default judgment. As a non-final order the trial court was within its purview to reconsider the decision at any time prior to the issuance of a final order.

**{¶21}** The trial court's February 25, 2019 decision granting summary judgment to all defendants and denying the default judgment as moot appears to be in part a reconsideration of the December 20, 2018 Partial Default Judgment decision. In rendering its ruling in that decision, the trial court indicated that part of the matter before it was Appellants' July 8, 2018 First Amended Second Motion for Default Judgment.

**{¶22}** An appellate court reviews a trial court's decision to grant or deny a motion for default judgment for an abuse of discretion. *Marafiote v. Estate of Marafiote*, 2016-Ohio-4809, 68 N.E.3d 238, ¶ 22 (7th Dist.). An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "'The granting of a default judgment, analogous to the granting of a dismissal, is a harsh remedy which should only be imposed when 'the actions of the defaulting party

create a presumption of willfulness or bad faith.'" *Smith v. Summerville*, 7th Dist. Mahoning No. 15 MA 10, 2015-Ohio-4153, ¶ 32, quoting *Hale v. Steri–Tec Services, Inc.,* 11th Dist. Geauga No. 2008–G–2876, 2009–Ohio–3935, ¶ 25.

**{¶23}** Under Civ.R. 55, a default judgment may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Civ.R. 55(A); *Davis v. Immediate Med. Serv., Inc.,* 80 Ohio St.3d 10, 14, 684 N.E.2d 292 (1997); *Pabin v. Eberle*, 7th Dist. Monroe Nos. 18 MO 0008 and 18 MO 0009, 2019-Ohio-2728, ¶ 59.

**{¶24}** Since Appellees have not filed an appellate brief, they are conceding that they failed to appear or otherwise defend.

**{¶25}** When the trial court held Appellants' motions for default judgment were denied as moot, it was basing its decision on the facts in the complaint and the law. As aforementioned, the complaint asserted causes of action under the 1989 DMA, the 2006 DMA, and a quiet title action based on either the 1989 version of the DMA or the 2006 version of the DMA. During the pendency of the action at hand, the Ohio Supreme Court held any claim filed after June 30, 2006 is governed by the 2006 DMA, not the 1989 DMA. *Corban v. Chesapeake Expl., L.L.C.*, 149 Ohio St.3d 512, 2016-Ohio-5796, 76 N.E.3d 1089, ¶ 31; *Walker v. Shondrick-Nau*, 149 Ohio St.3d 282, 2016-Ohio-5793, 74 N.E.3d 427, ¶ 16. Therefore, since Appellants' claim that defendants abandoned the mineral interest was filed in 2013, only the 2006 DMA is applicable.

**{¶26}** The 2006 DMA contains a provision, R.C. 5301.56(H), allowing for a mineral holder to preserve an interest after a notice of abandonment has been filed by the surface owner. The Ohio Supreme Court held a mineral-interest holder's claim to preserve filed pursuant to R.C. 5301.56(H)(1)(a) is sufficient to preclude the mineral interests from being deemed abandoned if filed within 60 days after notice of the surface owner's intent to declare those interests abandoned. *Dodd v. Croskey*, 143 Ohio St.3d 293, 2015-Ohio-2362, 37 N.E.3d 147, ¶ 37. Pursuant to R.C. 5301.56(C)(2) a claim to preserve that meets the requirements of R.C. 5301.56(C)(1) preserves the rights of all of the mineral-interest holders in the land. *Id.* at ¶ 28.

**{¶27}** Here, the complaint indicates Appellants' notice of abandonment was filed January 26, 2012. Two notices of preservation were filed within 60 days of the notice of

abandonment; the Hartshorn Claim to Preserve was filed February 27, 2012, and the Blowers Claim to Preserve was filed March 19, 2012. The complaint acknowledges both of these claims to preserve and the dates they were filed. The complaint also acknowledges that all defendants are holders.

**{¶28}** Admittedly, during the proceedings Appellants attempted to argue that a claim to preserve under R.C. 5301.56(H) does not prevent abandonment under R.C. 5301.56(B). However, by the time of the February 25, 2019 decision granting summary judgment and denying the motions for default judgment that argument had been found to be meritless by our court. *Bayes v. Sylvester*, 7th Dist. Monroe No. 13 MO 0020, 2017-Ohio-4033, citing *Dodd*, 143 Ohio St.3d 293, 2015-Ohio-2362 and *Farnsworth v. Burkhart*, 147 Ohio St.3d 1439, 2016-Ohio-7677, 63 N.E.3d 157. *E.g.*, *McAuley v. Brooker*, 2017-Ohio-9222, 101 N.E.3d 1118, ¶ 42-44 (7th Dist.).

**{¶29}** Consequently, given the averments in the complaint and those same facts in defendants' summary judgment motions, there was no legal basis for finding abandonment under the 2006 DMA. It is acknowledged that by failing to answer, Appellees were admitting the claims in the complaint. Those claims included a legal assertion of abandonment. Nevertheless, they also included factual admissions that they are heirs of the original mineral holders, there was a notice of abandonment filed by Appellants, and there were claims to preserve filed by defendants within 60 days of the notice of abandonment. Given the case law, those factual admissions cannot lead to the legal conclusion of abandonment. Rather, the legal conclusion is preservation.

**{¶30}** This raises the question of whether default judgment should be granted when there is no valid claim for relief under the established facts.

**{¶31}** Case law indicates no; a default judgment should not be granted when the complaint fails to state a claim upon which relief could be granted. *X-S Merchandise, Inc. v. Wynne Pro, L.L.C.*, 8th Dist. Cuyahoga No. 97641, 2012-Ohio-2315, ¶ 11, citing *Streeton v. Roehm,* 83 Ohio App. 148, 81 N.E.2d 133 (1st Dist.1948) (A "court should make its decision conform to the law as applicable to the facts proven, and if no cause of action is shown no default judgment in plaintiff's favor should be rendered."). The Tenth Appellate District has explained:

On appeal, however, we must ascertain whether the plaintiff pleaded sufficient facts to support the claim, and otherwise pleaded a claim for which relief may be granted. *Id.* [*Lopez v. Quezada*, 10th Dist. Franklin No. 13AP-389, 2014-Ohio-367] at ¶ 13, citing *Whiteside v. Williams*, 12th Dist. No. 2006-06-021, 2007-Ohio-1100, 2007 WL 740864, ¶ 12; *Girard v. Leatherworks Partnership*, 11th Dist. No. 2004-T-0010, 2005-Ohio-4779, 2005 WL 2211079, ¶ 38; *Ford v. Estate of Tonti*, 10th Dist. No. 94APE10–1488, 1995 WL 360239 (June 15, 1995). As part of our review of the trial court's exercise of discretion in granting default judgment, therefore, we must examine the complaint to see whether it can "withstand a Civ.R. 12(B)(6) motion for failure to state a claim." *Quezada* at ¶ 17. "[W]hen a plaintiff fails to state a claim, a court cannot grant default judgment with regard to that alleged claim." *Id.*

*Huntington Natl. Bank v. R Kids Count Learning Ctr., LLC*, 2017-Ohio-7837, 97 N.E.3d 1228, ¶ 15 (10th Dist.) (finding that the trial court did not abuse its discretion in granting default judgment against the non-answering party; the complaint stated a claim for relief).

**{¶32}** Similarly, the Fifth Appellate District has explained:

Although Civ.R. 55 permits default judgments, this Court is not required to do so where the complaint on its face does not state a claim upon which relief may be granted. The Supreme Court has held, "Sua sponte dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. Rules Civ.Proc., Rule 12(B)(6)." *State ex rel. Kreps v. Christiansen* 88 Ohio St.3d 313, 725 N.E.2d 663 (Ohio,2000).

*State ex rel. Pullins v. Eyster*, 5th Dist. Knox No. 2009-CA-09, 2009-Ohio-2846, ¶ 8.

**{¶33}** Admittedly, none of the cases cited above address default judgment in the context of mineral interests and abandonment. There is, however, a case from the Fifth Appellate District that dealt with mineral interests, abandonment, and default judgment. *Wampum Hardware Co. v. Moss*, 5th Dist. Guernsey Nos. 14 CA 17 and 14 CA 20, 2015-

Ohio-2564. In *Wampum,* the trial court granted plaintiff's (surface owner) motion for default judgment against non-answering defendants prior to determining which version of the DMA was applicable, 2006 or 1989. *Id.* (Case decided before the Ohio Supreme Court's decisions in *Corban* and *Walker.*). The appellate court reversed that decision explaining that while there are instances where default judgment is properly granted, given the facts of the case, granting default judgment was improper:

> Here, the trial court has yet to make any determination as to what version of the dormant mineral statute applies in this matter or whether Plaintiff–Appellee has a valid claim there under. We find that the trial court therefore erred in granting default judgment as set forth above because the judgment and findings therein effectively predetermine the ultimate decision in this matter as to the oil and gas rights.

*Id.* at ¶ 30.

**{¶34}** The language of that decision does not expressly state that if the surface owner does not have a valid claim of abandonment, default judgment should not be granted for the non-answering defendants. However, the language does imply that default judgment might not be warranted if there is no valid claim of abandonment.

**{¶35}** Given the complaint and the above case law, this court concludes the trial court did not abuse its discretion in denying the motion for default judgment as moot since the abandonment claim, as asserted in the complaint, did not set forth any set of facts where the minerals could be deemed abandoned.

## Conclusion

**{¶36}** Given the standard of review and the facts of this case, the sole assignment of error is meritless. The trial court's decision is affirmed.

Donofrio, J., concurs.

D'Apolito, J., concurs.

Case No. 19 MO 0009

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Monroe County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**